JOHN BALBONI *v.* WILLIAM STONICK
(2454)

DANNEHY, C.P.J., HULL and DUPONT, Js.

Argued June 14—decision released September 11, 1984

*James O. Shea,* for the appellant (defendant).

*John T. Grillo,* with whom, on the brief, were *Albert R. Annunziata* and *Louis M. Pacelli,* for the appellee (plaintiff).

DANNEHY, C.P.J. This is an action for damages resulting from injuries sustained by the plaintiff in an automobile collision between his automobile and an automobile driven by the defendant. The intersection where the collision took place was governed by a traffic signal light which both opposing parties contended was green in their favor. After trial, the jury returned a general verdict for the defendant, but the trial court granted a motion to set it aside, from which action this appeal was taken.[1]

There appears to have been no substantial dispute as to certain circumstances preliminary to the collision. The collision occurred at the intersection of Forbes and

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c). Subsequent to the filing of this appeal, the defendant died. Pursuant to General Statutes § 52-599, Shirley Stonick, his executrix, was substituted as a party on April 6, 1984.

Woodward Avenues in New Haven. Upon the trial it appeared that the defendant was driving his automobile westerly along Forbes Avenue and that his automobile entered Woodward Avenue and, after it was almost completely across the intersection, was struck by that of the plaintiff. Beyond these, the facts were definitely in dispute; and it was for the jury to determine what the true facts were, insofar as the jury found them proved.

The primary factual dispute was whether the traffic signal was green for the plaintiff or for the defendant at the time of the collision.[2] The defendant testified that he was familiar with the intersection where the collision took place; that at about 6 a.m. on October 11, 1974, he was driving his automobile westerly along Forbes Avenue behind a truck proceeding in the same direction; that as he approached Woodward Avenue he observed the traffic signal and it was green; that from Forbes Avenue, at a point five feet east of Woodward Avenue, the truck made a right hand turn into a driveway; that he observed then that the traffic light was still green; that he drove slowly left to pass the truck; that as he passed the truck and entered the intersection, he was unable to see the traffic light; and that he had driven his automobile three-quarters of the way through the intersection when the front end of the plaintiff's southbound car collided with the right rear fender of his automobile.

The court instructed the jury as to what constituted negligence and contributory negligence under the cir-

---

[2] The plaintiff alleged, inter alia, that the defendant failed to grant the right of way and that "he violated the laws of the State of Connecticut in that he failed to obey the vehicle traffic control signal, which commanded him to stop, in violation of Section 14-299 of the Connecticut General Statutes." General Statutes § 14-299 (b) (3) provides in part that: "Vehicular traffic facing a steady red signal alone shall stop before entering the crosswalk on the near side of the intersection or, if none, then before entering the intersection and remain standing until the next indication is shown . . . ."

cumstances, but, although the plaintiff previously argued that the court's charge was deficient in several respects, most notably because the court failed to furnish the jury with the statutory definition of intersection; General Statutes § 14-1 (18); no error is assigned in the instructions on this phase of the case. The jurors returned a verdict for the defendant and their answer to an interrogatory submitted by the court of its own motion unequivocally established that the plaintiff failed to prove that the defendant was negligent in even one of the ways specified in the complaint.[3] The trial court was of the opinion that the jury could not reasonably have found otherwise than that there was negligence on the part of the defendant. On the plaintiff's motion, the court set aside the verdict of the jury as against the evidence.

The pivotal issue in this appeal is how far a trial court may go in setting aside the verdict of a jury as against the evidence. A trial court in passing upon a motion to set aside a verdict and this court in reviewing its action thereon are limited by established legal principles. Our rule is plain and unchanged, although it has been stated in a variety of ways. "If, on the evidence as presented and under the pleadings, the jury could have reasonably found in accordance with the verdict as rendered, then it cannot be set aside as against the evidence." *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 154, 139 A.2d 812 (1958); see also *Horvath* v. *Tontini,* 126 Conn. 462, 464, 11 A.2d 846 (1940).

It is the duty of the trial court in its relation to the jury to protect the parties by setting aside a verdict where its manifest injustice is so plain as clearly to indi-

---

[3] The interrogatories included the following: "Question 1: Did the plaintiff John Balboni prove the defendant William Stonick was negligent in one or more ways specified in the complaint? Answer: Yes—No. (If the answer to the above question is yes, go on to Answer 2; if the answer to the question is no, go no further and return a general verdict in favor of the defendant William Stonick)." The jury answered question 1 "No."

cate that the jury has disregarded the rules of law applicable to the case; *Jacobs* v. *Goodspeed,* 180 Conn. 415, 417, 429 A.2d 915 (1980); or was influenced by prejudice, corruption or partiality in reaching a decision. *Kalleher* v. *Orr,* 183 Conn. 125, 126, 438 A.2d 843 (1983); *Preisner* v. *Illman,* 1 Conn. App. 264, 268, 470 A.2d 1237 (1984). In setting aside the verdict, the trial court acts in the exercise of a broad legal discretion which, in the absence of a clear abuse, will not be disturbed; and in reviewing the exercise of that discretion every reasonable presumption should be indulged in favor of its correctness. *Jacobs* v. *Goodspeed,* supra, 416.

One obvious and immovable limitation on the legal discretion of the court in setting aside a verdict is the constitutional right of trial by jury. To protect the right of a litigant to have disputed issues of fact determined by a jury, the court's action cannot be reviewed in a vacuum. The evidence upon which the verdict was based must be examined. Id., 416–17. "Upon issues regarding which, on the evidence, there is room for reasonable difference of opinion among fairminded men, the conclusion of a jury, if one at which honest men acting fairly and intelligently might arrive reasonably, must stand, even though the opinion of the trial court and this court be that a different result should have been reached." *Horvath* v. *Tontini,* supra. The question before this court is whether there was room for such a reasonable difference of opinion with respect to the issue of the defendant's negligence. If so, the trial court erred in setting aside the verdict.

"Ordinarily a conclusion of negligence or of freedom from it is one of fact. The reason is that 'the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of

the trier. . . . In every such case the trier, for the time being, adopts his own opinion, limited only by the general rule, of what the man of ordinary prudence would or would not do under the circumstances, and makes such opinion the measure or standard of the conduct in question.' *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 Atl. 675, 22 [Atl.] 544 [1891]." *Skovronski* v. *Genovese,* 124 Conn. 482, 483–84, 200 A. 575 (1938).

The trial court found that in a written and appropriately exhibited statement the defendant admitted that "he went through the red light." The court, in its memorandum of decision accompanying the order setting aside the verdict of the jury, concluded that in none of his testimony did the defendant explain, deny or contradict the statement he made admitting that "he went through the red light" and that the jury could not have come to any conclusion other than that the defendant did in fact go through the red light. We disagree.

In this case the first question for the jury to decide was whether the traffic signal was green for the plaintiff or for the defendant. The issue of liability turned upon the resolution of this factual dispute. Although we may give due weight to the opinion of the trial court, the parties have the right to have the issues decided by the jury, if they are such issues as fairminded men might reasonably differ upon, and not by the court. *Horvath* v. *Tontini,* supra. Were it otherwise, the right to a jury trial in a civil case would be reduced to a mere sham.

The trial court accented the extrajudicial statement of the defendant "that he went through the red light" as the factor compelling the granting of the motion to set aside the verdict. The transcript, however, reveals that the defendant, in open court, denied that he did

so.[4] The defendant's written statement was obtained by the plaintiff through disclosure. A response to an interrogatory is not a judicial admission in the same sense as admissions in the pleadings or in open court, and will not prevail over evidence offered at the trial. *Hirsch* v. *Thrall,* 148 Conn. 202, 207, 169 A.2d 271 (1961). "These restrictions on the effect of an interrogatory response are consistent with General Statutes § 52-200, which states that a disclosure on oath shall not be deemed conclusive but may be contradicted like any other testimony." *Piantedosi* v. *Floridia,* 186 Conn. 275, 278, 440 A.2d 977 (1982). Contradiction and confusion in the testimony of witnesses is precisely the type of factual conflict that Anglo-American jurisprudence has traditionally entrusted to the jury. *State* v. *Bember,* 183 Conn. 394, 398, 439 A.2d 387 (1981). It is the province of the jury to determine the credibility of the witnesses and the weight to be accorded their testimony. *Trzcinski* v. *Richey,* 190 Conn. 285, 298, 460 A.2d 1269 (1983). Accordingly, the evidence offered at trial must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983). While the ruling of the trial court on a motion to set aside a verdict is entitled to great weight because of the court's familiarity with the facts and circumstances of the case; *Nielson* v. *D'Angelo,* 1 Conn. App.

---

[4] On direct examination by the plaintiff's counsel, the defendant testified as follows:

"Q: Now, Mr. Stonick, isn't it a fact, sir, that as you swung to the left to pass the truck that was making a righthand turn into the garage driveway, you looked at the light and you saw it had turned to red—

"A: No.

"Q:—and then you took your eye off it? Isn't that a fact?

"A: No.

"Q: It's not. Isn't it a fact that as the light turned to red and you took your eye off it, you then proceeded through the intersection, Mr. Stonick?

"A: No."

239, 244, 471 A.2d 965 (1984); the parties are entitled to have issues upon which fairminded persons may differ decided by the jury.

The record discloses a substantial dispute as to the material facts attending the collision. Whether the defendant was negligent depended upon whether he exercised reasonable care under all the circumstances of the case. A careful study of the evidence in the case before us fails to satisfy us that the jury could not reasonably have believed the evidence given by the defendant and have held him free from negligence in entering the intersection under the circumstances disclosed by that evidence, especially since he was entitled to assume that the plaintiff would proceed with reasonable care as to speed, control, and lookout at an intersection. Accordingly, the trial court abused its discretion in setting aside the jury's verdict.

There is error, the judgment is set aside and the case remanded with direction to render judgment for the defendant upon the verdict.

In this opinion the other judges concurred.