[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this negligence action in which she alleges that she sustained personal injuries as a result of being struck by the defendant's vehicle while she was walking south across Grace Street within a marked crosswalk at its intersection with New Park Avenue in Hartford. The defendant's answer admits that he was making a left turn into Grace Street from the northbound lane of New Park Avenue at that time and that she had a red light in her favor, as alleged in the complaint, but he denies that she was within the designated crosswalk when she was struck by his vehicle.
The defendant's first special defense is that the plaintiff did not have the right of way under 14-300(c) of the General Statutes in that "she was not within the half of the roadway traveled by the defendant . . . and was not so near that half of the roadway upon which the defendant was traveling when he began his turn to enter the intersection as to be in reasonable danger of being struck by the defendant at the time that he began to move his vehicle." He alleges CT Page 5958 by way of a second special defense that the defendant herself was negligent because she failed to keep a proper lookout for approaching vehicles both before and after she started to cross the street.
The plaintiff has moved for summary judgment on the issue of liability only and seeks an immediate hearing before a jury on the issue of damages in accordance with 385 of the Practice Book. Her motion is based on the responses given by the defendant in the course of his deposition as well as the deposition of Carlos Velazquez, the only known witness to the accident other than the parties themselves.
The defendant stated at the beginning of the deposition (page 12) that "my English is not the best" and this was reflected by some confusion on his part in answering questions put to him as to whether the plaintiff was struck while she was in the crosswalk. Although he stated at one point when he was shown the police report sketch (page 16) that she was "over here, yes", he said at a later point (pages 41-46) that he had not understood the term "crosswalk" and that he could not remember one way or the other.
When the defendant was asked whether he saw the plaintiff before she was struck (page 21), he stated that "I saw her and I braked, stepped right on the brakes", but that he didn't know the exact distance that he traveled before he applied them. He also stated (pages 23-24) that at the point of collision the plaintiff was in clear view and there was nothing to prevent him from seeing her.
When the defendant was asked whether there was anything that the plaintiff did that caused the accident (page 34) he replied that he did not know, and also said (page 35) that as far as he knew there was nothing that he could have done to avoid the accident. He also stated (page 38) that when he first started his left turn into Grace Street there was no one in the crosswalk and that it happened so quickly he had no time to sound his horn or turn the wheel to avoid hitting the plaintiff.
Carlos Velazquez stated in his deposition (pages 4, 8) that he was standing at the southeast corner of the intersection when the accident happened and saw the plaintiff crossing Grace Street while the defendant was turning left from New Park Avenue. He also stated that there was nothing to obstruct or block the plaintiff's view as he made the turn.
The speed of the plaintiff's vehicle, according to the CT Page 5959 witness (page 9), was about five or ten miles an hour and the plaintiff was in the crosswalk when she was struck. He also stated (pages 10-11) that he heard the "screech of brakes" and that she was struck by the vehicle's front bumper.
Velasquez stated (page 23) that when the vehicle started to turn, the plaintiff was "about one step" into the street and that (page 24) she looked first to her left and then to her right before she started to cross. He also said (page 26) that when she looked to the left she "could have seen" traffic on New Park Avenue and that (page 28) she was looking straight ahead after she stepped into the street.
The disposition of a case by way of summary judgment is appropriate "where the evidence is such that no room for disbelief could exist in the minds of the jury and in circumstances which would require a directed verdict for the moving party." Yanow v. Teal Industries, Inc., 178 Conn. 262
at 268-69. Its use in negligence cases is necessarily limited because "the law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier [and if] such inference is drawn by a jury, it is final and conclusive because their opinion of what a [person] of ordinary prudence would or would not do, under the circumstances, is the rule of decision in that special case." Farrell v. Waterbury Horse Railroad Co.,60 Conn. 239 at 250.
Even in a negligence case, however, where there is no triable issue of fact "an unfounded reluctance" on the part of the court to summarily decide the case or a tendency "to ferret out speculative issues `to get the case to the jury' where the trial may disclose something the pretrial proceedings have not" is not in the interest of judicial economy or of efficient case management. Andre v. Pomeroy,320 N.E.2d 853, 854-55 (N.Y. 1974). The proper test in negligence cases, therefore, should be that the plaintiff will generally be entitled to summary judgment "only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved [such as with a passenger] or was clearly of exemplary prudence in the circumstances." Id. at 855.
Our Appellate Court has held that it is reversible error for the trial court to grant a motion for summary judgment based on the moving party's argument that a party's deposition testimony was conclusive on the issue of the CT Page 5960 deponent's negligence. Esposito v. Wethered, 4 Conn. App. 641. The basis for the Appellate Court's decision was that under 52-200 of the General Statutes the responses given by a party-deponent "shall not be deemed conclusive, but may be contradicted like any other testimony."
The probative value of such deposition testimony was also discussed in Balboni v. Stonick, 2 Conn. App. 523, where the trial judge set aside a verdict for the defendant based on the defendant's written statement obtained through disclosure that he went through a red light, because under the judge's view of the evidence the defendant had failed to explain, deny or contradict that statement. Id. 528. The Appellate Court, relying on 52-200 as well as on case law, held that a party may, at trial, in open court, contradict an earlier statement made in the course of pretrial discovery, and that it is the sole province of the jury to determine whether to give greater weight to his trial testimony than to his pretrial statements. Id. 529.
The plaintiff, in her second reply memorandum in support of the motion which was filed after oral argument, states that the defendant "has raised no issues of material fact at his deposition or that of the sole witness sufficient to prevent the Motion for Summary Judgment from being granted" and has requested the court to carefully review the entire depositions of both the defendant and the non-party witness.
The court's close reading of the defendant's deposition as summarized earlier in this opinion indicates that disputed factual issues were raised by his testimony on his alleged failure to keep a "reasonable and proper lookout", to "apply his brakes in time", as well as other specifications of negligence in the plaintiff's complaint. Furthermore, entirely apart from the fact that his credibility will have to be determined by the jury at trial, the Velazquez deposition testimony, even if it is assumed to be entirely truthful and reliable, raises factual issues concerning the plaintiff's alleged failure to keep a proper lookout both before and after she started to cross the street.
"Ordinarily a conclusion of freedom from contributory negligence is one of fact [and it] is only when the conduct [of the plaintiff] is so plainly and palpably like that of a reasonably prudent [person] that it can be held as a matter of law not to constitute contributory negligence." Muse v. Page, 125 Conn. 219, 223. The failure of a pedestrian who, after looking in both directions upon leaving the curb at an CT Page 5961 intersection, did not look again for approaching traffic while proceeding across the street was not "so palpably contrary to the conduct of a reasonably prudent person as to render the question one of law; it remains one of fact as to which the decision of the trier is conclusive." Skovronski v. Genovese, 124 Conn. 482, 485.
In a case involving a fact situation virtually identical with this one, except for the fact that it was a rainy night and the plaintiff was wearing dark clothing, where the plaintiff did not look for left turning vehicles after she left the curb, the Supreme Court held that it could not say "under all the circumstances that she was free from contributory negligence as a matter of law." Drobish v. Petronzi, 142 Conn. 385, 388. The court stated that although the plaintiff had the right of way under the statute because she was crossing with the light on a crosswalk at an intersection controlled by automatic traffic signals, that fact did not "justify her in being oblivious to the circumstances and failing to exercise due care commensurate with the situation." Id. at 387.
For the foregoing reasons, the court finds that the plaintiff has not satisfied her burden of proving that there is no genuine issue as to any material fact and that she is not entitled to a summary judgment as a matter of law on the issue of liability.
Accordingly, the plaintiff's motion for summary judgment is denied.
Hammer, J.