[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action for damages for injuries alleged to have been sustained as the result of the defendant's negligent operation of her motor vehicle at an intersection.
The defendant filed an answer as well as a special defense which charges the plaintiff with contributory negligence and active negligence in causing the accident. After filing her reply to the special defenses, the plaintiff moved for summary judgment, claiming that the defendant's failure to yield to the plaintiff at the intersection and the citation issued the defendant for failing to stop at a stop sign concludes any genuine issue of material fact as to liability. CT Page 1229
In response to the motion for summary judgment, the defendant filed an affidavit in which she stated that she did in fact obey the stop sign prior to entering the intersection and did not see the plaintiff's vehicle enter that intersection.
A trial court must not and cannot decide issues of credibility in deciding a motion for summary judgment. It is appropriate to grant the motion where the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Practice Book 384; Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-781 (1991).
The party moving for summary judgment "must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Spencer v. Good Earth Restaurant Corporation, 164 Conn. 194,198 (1972). Once the moving party has presented evidence in support of the motion, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984).
In opposing the motion for summary judgment, mere assertion of the existence of a disputed issue is insufficient; the non-movant must recite specific facts which contradict the factual assertions stated in the motion and accompanying documents. State v. Goggin,208 Conn. 606, 616 (1978). Practice Book 380 and 381.
In the instant case, the facts stated in the defendant's affidavit contradict the facts asserted by the plaintiff in support of her motion. Such "contradiction and confusion in the testimony of witnesses is precisely the type of factual conflict that the Anglo-American jurisprudence has traditionally entrusted to the jury." Balboni v. Stonick, 2 Conn. App. 523, 529 (1984).
The plaintiff's motion for summary judgment is denied.
BY THE COURT:
LEANDER, C. GRAY, JUDGE