[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a temporary injunction requiring the defendants to cease activities which are claimed to be in violation of plaintiff's Wetlands and Zoning Regulations and Connecticut's Environmental Protection Act.
The general standard for issuance of a temporary injunction is that the applicant must show: (1) probable success on the merits of the claim; and (2) that the harm to the movant from denial will exceed the harm to the defendant from issuance. Griffin Hospital v. Commission on Hospitalsand Health Care, 196 Conn. 451, 457 (1915) citing Olcott v.Pendleton, 128 Conn. 292, 295 (1941). The Court in GriffinHospital, supra, at 488 also cited with approval CovenantRadio Corporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, CT Page 3670 3 (1977), which enumerates as additional requirements for temporary injunctive relief; (3) irreparable injury; and (4) lack of an adequate remedy at law.
However, where the applicant is an administrative agency charged with enforcement of a regulation enacted to protect the public and authorized by statute to seek injunctive relief in aid of enforcement, the complainant is not required to prove irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction, rather all that must be shown is a violation of the regulatory provision. Farmington v. Viacom Broadcasting,Inc., 10 Conn. App. 191, 197 (1987), cert. denied, 203 Conn. 808
(1987); Greenwich v. Kristoff, 2 Conn. App. 525, 521, cert. denied, 194 Conn. 807 (1984).
Defendant Wilcox admits many of the claimed violations, and the evidence of others is convincing. In addition to the evidence presented at trial, the Court viewed the premises.
The evidence presented as to the defendants Loretta Yokabaskas, Vincent S. Yokabaskas and Victoria G. Yokabaskas is not persuasive. Over the years, they have repeatedly requested the plaintiff to enforce its Zoning and Wetlands Regulations and to prevent repeated and continued violations by Wilcox. For years the plaintiff maintained a somewhat passive attitude regarding enforcement. These defendants have tried to provoke intervention by the plaintiff to curtail activities it now complains of. There is no evidence that these defendants have themselves violated any of the cited regulations.
The plaintiff has shown, as to the defendant, Wilcox, probable success on the merits, and that the harm to the movant from denial will exceed the harm to the defendant from issuance.
Accordingly, a Temporary Injunction shall issue to command and enjoin you, David Wilcox, and each of your officers, servants, agents, and employees under penalty of $50,000 to comply with this Court Order as follows: I. David Wilcox, Defendant and owner of 83 Old Windsor Road and 103 Old Windsor Road, Bloomfield, Connecticut shall be enjoined to comply with the following requirements to meet CT Page 3671 plaintiff Town's Zoning and Wetlands' Regulations:
A. At 83 Old Windsor Road — Zoning Compliance Requirements:
1. Resurvey the property to establish property lines. Limits of outside storage and 20 foot buffer as mandated by the Town, shall be permanently marked in the field. Marking devices shall be of such a nature so as to require a minimum of upkeep and shall be strong enough to withstand damage likely to be sustained at the site.
2. Remove all concrete material and bituminous concrete material that is being stored on the property and cease the processing of said concrete and bituminous concrete materials on the entire premises.
3. Complete the work within the required 20 foot buffer, including the installation of concrete blocks or a five (5') foot chain link fence around the entire dirt and earthen processing area (South/East/West sides — rear of this property); Grade buffer areas to match abutting properties. Restore entire buffer with loam, seed, etc.
4. Establish a Drainage Swale along the East side of storage/processing area — loam and seed, with outlet to be protected with standard rip rap.
5. Complete paving of parking area with bituminous concrete (black top) adjacent to building (West of building).
6. Remove sand/salt storage pile(s).
7. Remove and prohibit storage of all construction equipment/vehicles from the Northerly end of the premises (along Old Windsor Road). This area shall be non-paved and reserved for passenger vehicle parking only.
8. Eliminate use of, and provide a permanent physical barrier for the access road to and through adjacent Yokabaskas property at 99-101 Old Windsor Road.
9. Bring the entire site back to approved base elevations, as noted on approved July 28, 1994 Site Plan, specifically: CT Page 3672
a) In the area of the existing building — Elevation shall be 135 feet or less (MDC Datum).
b) The maximum height of any stockpiles shall not exceed 170 feet (MDC Datum).
c) A measuring mast/pole shall be installed, maintained, and certified by a licensed land surveyor. The top of the pole and a visible marker shall be set and maintained at 170 feet (MDC Datum). Said pole shall be located within the established buffer area on the South side of the property.
10. The concrete block wall shall be relocated from the East side property line area (adjacent to existing building and Yokabaskas and Cumbo properties) and moved Westerly to the Easterly limit of outside storage area, as noted on July 28, 1994 approved Site Plan. Said blocks shall be extended Northerly to the Southeast corner of the existing building. Filter fabric and stone shall be reinstalled on West side of block wall, as relocated, per requirements herein.
B. At 83 Old Windsor Road Site — Wetlands Compliance Requirements:
1. Town-approved permanent erosion and sedimentation control measures shall be installed and permanently maintained on entire site. Specifically:
a) A double row of silt fence shall be installed and maintained around entire East, South, and West sides of the storage area located at rear of property. Silt fence and hay bales shall parallel the concrete block or chain link fence barriers, as described supra.
b) Install jersey barrier/concrete block barrier with filter fabric and stone around the East side of the existing pond located on West property line (to prevent further intrusion of materials, fill, etc. into pond) [Intrusion A, as depicted on plaintiff's Exhibits 1 6].
c) Open outlet of the culvert on East side of property and maintain proper erosion and sedimentation controls i.e. CT Page 3673 silt fence and rip rap.
2. Submit a properly completed application for a Wetlands permit, including a revised site plan showing corrective measures, completed in Compliance with this Order, for the Inland/Wetlands and Watercourses Commission's consideration.
3. Obtain and submit to Town staff a Department of Environmental Protection Storm Water Discharge permit.
c. At 103 Old Windsor Road Site — Zoning Compliance Requirements:
1. Resurvey the property to establish property lines. Limits of outside storage and 20 foot buffer shall be permanently marked in the field. Marking devices shall be of such a nature so as to require a minimum of upkeep and shall be strong enough to withstand damage likely to be sustained at the site.
2. Remove all items currently being stored on the site, including:
a) Vehicles.
b) Construction equipment.
c) Construction materials and supplies.
 d) Debris, i.e. wood, lumber, tires, vehicle parts, etc.
e) Drainage pipe.
f) Temporary construction trailers.
 g) Fill, dirt, compost and other related materials.
3. Restore entire site (excluding roadway to Old Windsor Road) to 116 feet (MDC Datum). Grade to match abutting properties.
4. Remove all sludge/compost material from site. CT Page 3674
5. Before any future use of site is attempted, proper land use applications shall be submitted to Town for review and approval.
6. Eliminate the use of, and provide permanent physical barrier for, access road to and through adjacent Yokabaskas property at 99-101 Old Windsor Road.
D. At 103 Old Windsor Road Site — Wetlands Compliance Requirements:
1. A permanent physical barrier i.e. an earthen, non-concrete, non-metal berm or chain link fence, 5 feet in height shall be established along the North, West and South sides of the rear portion of the premises. The barrier along South property line shall extend no further than 230 feet West of Southeast property corner.
2. Remove existing fill material currently located in the Southeast corner of the property. Said material is located to the East of existing berm (as depicted on plaintiff's Exhibits 1 6) and shall be excavated to a depth of 1 foot lower or below the bottom of the existing hay bale line from the East side of the existing berm to the edge of the water (Intrusion D, as depicted on plaintiff's Exhibits 1 6).
3. Remove existing berm constructed of unsuitable material adjacent to Wetlands in Southeast and Easterly side of property. Replace existing berm with a berm constructed from approved materials, i.e. earthen, non-metal, non-concrete, materials.
4. Permanently install and maintain erosion controls on all sides of the property, including the areas adjacent to the roadway to Old Windsor Road.
5. Install an anti-tracking pad/construction entrance device, starting at present Southerly end of paved roadway from Old Windsor Road and extend same 100 feet in length to the South. The anti-tracking pad/construction entrance device shall be constructed from a minimum of 4 inch diameter stone with a depth of 12 inches over the filter fabric. CT Page 3675
6. Along Westerly property line of the rear portion of the premises, re-establish a positive drainage flow into existing Wetlands to eliminate ponding areas. Additionally, re-establish a positive drainage flow into existing culverts on Westerly side of property.
7. Remove existing fill material located in Wetlands at Southwest corner of property to facilitate drainage and eliminate ponding. Existing material should be removed to original elevation (approximately 112 feet MDC Datum).
8. Loam, seed and mulch all disturbed areas to establish permanent ground cover.
9. Subsequent to completing all of the above-described remediation work, an as-built grading plan by a licensed land surveyor in the State of Connecticut, including limits of Wetlands soils, as determined and certified by a soils scientist, shall be submitted to the Wetlands Commission for approval.
E. At Both 83 Old Windsor Road and 103 Old Windsor Road Sites — Requirements for Zoning and Wetlands Compliance and Compliance with These Court Orders:
1. All of the Corrective Measures for Zoning and Wetlands Regulations compliance at both the 83 and 103 Old Windsor Road sites owned by defendant Wilcox shall be completed by said defendant Wilcox within 90 days of the date of this Order. Any seeding of the properties must be completed during the optimum seeding period of August 15 — September 15, 1996.
2. An independent engineer and surveyor shall be retained by the Town of Bloomfield to monitor all remediation work and compliance with each of these orders. Funding for said independent engineer and surveyor shall be provided by the existing $20,000 performance bond deposited by defendant Wilcox. Reports and certifications shall be submitted semi-annually to plaintiff Town's Inland Wetlands and Watercourses Commission and Town Planning Zoning Commission.
No temporary injunction is issued against the CT Page 3676 defendants Loretta Yokabaskas, Vincent S. Yokabaskas and Victoria G. Yokabaskas.
So ordered,
John J. Langenbach, Judge.