[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION #113, MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges, that on March 6, 1998, at approximately 3:20 p.m., the plaintiff, Carl DeFrancesco, was a passenger in a 1990 MCI CT Page 14574 Classic Bus that was owned by the defendant H.N.S. Management Company, d/b/a, Connecticut Transit and operated by the defendant, Luis Velasquez. Said bus was traveling in a westerly direction along Orange Avenue in West Haven, Connecticut. Plaintiff further alleges that at said time and place Adonay Acevedo, was operating another vehicle also in a westerly direction along Orange Street. The plaintiff further alleges that the defendant Luis Velasquez forcibly struck the right rear end of the Acevedo vehicle causing the plaintiff to be injured.
On August 14, 2001, the defendants filed a Motion for Summary Judgment. On August 30, 2001, the plaintiff filed a Memorandum in Opposition to Plaintiff's (sic) Motion for Summary Judgment.
Before addressing the merits of defendants' motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other CT Page 14575 documentary proof not already a part of the file, shall be filed and served as are pleadings.
The plaintiff filed the following documents along with its motion:
 1. A copy of a West Haven, Connecticut Police Report; and 2. Plaintiff's compliance with the defendant's Request for Admissions; and 3. Plaintiff's Intent to Bring Claim; and 4. The Witness Robin Hall's statement.
Neither of the parties hereto filed affidavits, certified transcripts of testimony under oath either in support of or in objection to the Motion for Summary Judgment. The moving party, the defendants did attach their "Request for Admission, Re: Documents", but this Admission concerned the existence, due execution and genuineness of the document. The document was a "Passenger Courtesy Card" that was signed by the plaintiff, Carl DeFrancesco. On the card, in the comments section is a written statement by Mr. DeFrancesco that concerns the accident in question and says:
 "We got cut off I got slammed into seat I feel a little sore in my Back and [unintelligible] neck area I might seek medical attention I have to [unintelligible]". (emphasis added)
The defendants assert that the statement of the plaintiff along with the other material that was submitted eliminates any material genuine issues of material fact as a matter of law. The defendants further assert that the plaintiff has not filed any affidavits or like documents in support of the Objection to the Motion for Summary Judgment. Whereas the plaintiff did not offer any affidavits or other proof in support of its Objection to the Motion, the court is confined solely to the complaint to make the determination as to whether genuine issues of material facts exist. Rivera v. Double A Transportation, Inc., 248 Conn. 21, 25 (1999).
A review of the Complaint shows that the plaintiff made the following allegations against the defendants:
 5. Said accident and said injuries of the Plaintiff were caused by the carelessness and the negligence of the Defendant, Luis Velasquez, in that:
a. he operated said vehicle in an inattentive manner;
 b. he operated said vehicle at an unreasonable rate of speed, having no regard for the time of day, intersection of the streets, width, CT Page 14576 traffic and use of such highway and weather conditions;
 c. he operated said vehicle in an improper and unsafe manner in violation of Connecticut General Statutes Section 14-243 a;
d. he failed to keep his vehicle under proper and reasonable control;
 e. he operated said vehicle in violation of Connecticut General Statutes Section 14-218a by traveling unreasonably fast in regard to the time and place at which he was driving;
 f. he failed to apply his brakes in time to avoid the collision although by a proper and reasonable use of his facilities he would have avoided said collision;
 g. he failed to keep an adequate and proper lookout ahead of his vehicle for traffic on the highway;
 h. he failed to drive a reasonable distance apart in violation of 14-240;
i. he wrongfully struck the vehicle in front of him;
j. he failed to drive in the proper lane in violation of 14-236 (1); and
 k. he failed to properly move his vehicle with reasonable safety from a stopped position in violation of Connecticut General Statutes 14-243
The instant action sounds in common law and statutory negligence. The documentation provided by the moving party does not provide an adequate basis for the Court to make a determination that it can render judgment on the facts as a matter of law. It is quite possible and reasonable that a finder of fact could accept the conclusion made by the plaintiff on the Passenger Courtesy Card that "We got cut off . . ." and still find facts that lead to a determination in favor of the plaintiff on one or all of its allegations.
 It is . . . well established that "[s]ummary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975); see also Fogarty v. Rashaw, 193 Conn. 442, CT Page 14577 446, 476 A.2d 582 (1984); DiUlio v. Goulet, 2 Conn. App. 701, 703, 483 A.2d 1099 (1984). A determination of negligence is necessarily one of fact. Michaud v. Gurney, supra, 434; Cappiello v. Haselman, 154 Conn. 490, 495, 227 A.2d 79 (1967); Balboni v. Stonick, 2 Conn. App. 523, 527, 481 A.2d 82
(1984). As such, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403 (1972); see also Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990).
 Maffucci v. Royal Pk. Ltd. Partner, 42 Conn. App. 563, 568 (1996).
In addition to the Passenger Courtesy Card, the defendants also included an unsworn statement of a witness by the name of Robin Fall. This statement has the same problems as the plaintiff's statement on the Passenger Courtesy Card. Additionally, it is not among the type of material that Section 17-45 of the Connecticut Practice Book deems sufficient to support a Motion of Summary judgment, i.e. "affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like."
Genuine issues of material fact are present in this matter, the Motion for Summary Judgment is therefore denied.
Richard A. Robinson, J October 23, 2001