[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #110 MOTION FOR SUMMARY JUDGMENT
The plaintiff in this matter alleges in her complaint that on or about September 1, 1999, at approximately 5:00 in the afternoon, she was driving her automobile in a northerly direction on South Main Street in the city of Cheshire. At that time and place a vehicle being operated by the defendant was traveling in the same direction when said vehicle struck the rear of the plaintiff's vehicle.
On November 13, 2001, the plaintiff filed a "Motion for Summary Judgment as to Liability Only".
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of the defendant's motion, a brief review CT Page 282 of the standards for the granting of a Motion for Summary Judgment is necessary:
 . . . "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700 (1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
In addition to its Memorandum of Law, the plaintiff provided the Court with the following documentation:
1) An affidavit of the plaintiff; and
2) A copy of a town of Cheshire Police Report; and
3) Excerpts of a deposition of the defendant
The defendant did not file any affidavits in opposition of the plaintiff's motion or other evidentiary documentation as of the date and time of oral argument.
Plaintiff's affidavit provides in pertinent part that: CT Page 283
 3. On September 1, 1999, I was the owner and operator of a motor vehicle which was involved in an accident on South Main Street near its intersection with Cook Hill Road to the west and South Brooksvale Road to the east in Cheshire, Connecticut.
 4. On said date my automobile was stopped behind a line of traffic that as stopped on South Main Street near the intersection of Cook Hill Road to the west and South Brooksvale Road to the east in Cheshire, Connecticut.
 5. On said date Josiah P. Row was also operating his vehicle on said South Main Street in Cheshire, Connecticut, directly behind my vehicle.
 6. On said date Mr. Rowe's Vehicle smashed into the rear of my vehicle.
 7. As a result of the accident, I suffered the injuries and losses enumerated in the Complaint.
The plaintiff also submitted a copy of a police report from the town of Cheshire. Plaintiff states that the purpose of the submission is that within the body of the police report there is a statement by the defendant concerning his actions immediately prior to the accident and that said statement is an admission and therefore is an exception to the hearsay rule. The police report identifies the defendant as "Operator #1". The subject language of the report says:
 . . . Operator #1 stated he was briefly distracted and upon looking forward again realized traffic had stopped. Operator #1 stated he applied his brakes but was unable to stop in time.
The plaintiff took the defendant's deposition on August 22, 2001. The deposition testimony provides in pertinent part as follows:
 Q. Okay. This indicates that you were distracted just before the accident?
A. Correct.
Q. Do you recall what distracted you? CT Page 284
 A. I believe that I was looking for something, a tape or something.
Deposition at Page 11, lines 14-19, inclusive.
 Q. Do you think that there was anything you could have done to avoid the accident?
A. Yes.
Q. What would that be?
A. I could not have looked down at that moment.
 Q. So you feel that because you looked down, that was the cause of the accident?
 A. Yes, if I had not looked away at that moment, I would have been able to stop in time, I think.
 Q. Do you think there's anything my client could have done to avoid the accident?
A. I couldn't say.
Deposition at Page 14, lines 3-13, inclusive.
 Q. Mr. Rowe, you testified that you were traveling along with the speed" of traffic, is that correct?
A. Yes.
 Q. And then you were distracted for a moment, is that correct?
A. Yes.
 Q. Could you estimate how long your eyes were off the road?
A. No more than 10, 15 seconds at most.
 Q. Okay. And when you looked back up, the Plaintiff's vehicle was at a complete stop, is that correct?
CT Page 285
A. Correct.
Deposition at Page 19, lines 4-22, inclusive.
As was previously stated herein, the defendant has not provided the court with any affidavits or other evidentiary documents to rebut the facts as presented by the plaintiff. However, it is well-settled law in this state that the summary judgment process generally is inappropriate in negligence cases:
 It is . . . well established that "[s]ummary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975); see also Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); DiUlio v. Goulet, 2 Conn. App. 701, 703, 483 A.2d 1099 (1984). A determination of negligence is necessarily one of fact. Michaud v. Gurney, supra, 434; Cappiello v. Haselman, 154 Conn. 490, 495, 227 A.2d 79 (1967); Balboni v. Stonick, 2 Conn. App. 523, 527, 481 A.2d 82
(1984). As such, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403 (1972); see also Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990).
 Maffucci v. Royal Pk. Ltd. Partner, 42 Conn. App. 563, 568 (1996).
While "issues of negligence are ordinarily not susceptible of summary adjudication", the evidence submitted by the plaintiff in support of her motion for summary judgment, coupled with the fact that the defendant has not provided any supporting affidavit or other documentary evidence to rebut the facts as presented, demonstrate that the plaintiff has met her burden of proof to show that no genuine issues of material fact remain as to the issue of liability. This case fits into the exception of the general rule concerning summary judgment in negligence cases and therefore plaintiff's motion for summary judgment as to liability only is granted. CT Page 286
Richard A. Robinson, J