[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #108 MOTION FOR SUMMARY JUDGMENT
The plaintiff alleges in his complaint that on September 9, 1999, he was covered by an insurance policy issued by the defendant. Said policy CT Page 5055 is identified by policy number 242A886521. The aforementioned policy provides for underinsured motorist in the amount of three hundred thousand dollars ($300,000.00).
The plaintiff further alleges that on the aforementioned date, he was driving his car northbound on Roosevelt Drive, near its intersection with Squantuck Road (Route 188) in Seymour, Connecticut, when at that time and place, a motor vehicle operated by Mr. Albino Fernandes was traveling in a southerly direction, crossed the center line and struck the plaintiff's vehicle head on.
The plaintiff alleges that as a result of the collision, he sustained injuries and losses as sighted paragraph eight of his complaint.
The automobile that was being driven by Mr. Fernandes carried liability insurance in the amount of twenty thousand dollars ($20,000.00). The insurance carrier has paid this amount and the available liability coverage has been exhausted.
The plaintiff alleges that that defendant has failed and refused to pay damages to the plaintiff under the terms of the underinsured motorist provisions of the aforementioned policy.
On April 3, 2001, the plaintiff filed a Motion for Summary Judgment as to the issue of liability. The defendant filed an Objection to the Motion for Summary Judgment on June 14, 2001. The defendant asserts in said objection that that plaintiff is not entitled to summary judgment for reason that there is still a genuine issue of material fact as to whether or not the plaintiff is legally entitled to collect damages from the uninsured motorist. However, at oral argument, the defendant conceded that the plaintiff subsequently addressed this issue by way of filing a Supplemental Memorandum in Support of Motion for Summary Judgment, dated September 11, 2001.
Before addressing the merits of defendants' motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v.CT Page 5056 Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The plaintiff's complaint alleges that his damages were proximately caused by the negligence of another individual in the operation of said individual's motor vehicle.
 It is . . . well established that "[s]ummary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975); see also Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984); DiUlio v. Goulet, 2 Conn. App. 701, 703, 483 A.2d 1099 (1984). A determination of negligence is necessarily one of fact. Michaud v. Gurney, supra, 434; Cappiello v. Haselman, 154 Conn. 490, 495, 227 A.2d 79 (1967); Balboni v. Stonick, 2 Conn. App. 523, 527, 481 A.2d 82
(1984). As such, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." CT Page 5057 Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 199, 319 A.2d 403 (1972); see also Amendola v. Geremia, 21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803, 574 A.2d 217 (1990).
 Maffucci v. Royal Pk. Ltd. Partner, 42 Conn. App. 563, 568 (1996).
On January 7, 2002, the defendant filed an "Amended Answer to Complaint". Paragraph 4 of the First Count of said answer provides in pertinent part that:
 As to Paragraph 4, the defendant admits the allegations contained therein except for that portion which states as follows: ". . . and causing the plaintiff to sustain the injuries and losses hereinafter set forth." As to that portion of the allegation, the plaintiff is left to his proof.
The defendant has admitted the portion of Paragraph 4 that provides that:
 On September 9, 1999, plaintiff was driving southerly on Roosevelt Drive, crossed over the center line in the path of plaintiff's vehicle, striking plaintiff's vehicle head on.
The defendant's admission of the cited section of Paragraph 4 resolves any genuine issue of material fact as to the causation of the accident that is the subject of the instant action.
Although negligence cases do not ordinarily lend themselves to resolution by way of summary judgement, the instant action appears to be an exception to the rule. There are no genuine issues of material fact as to the causation of the accident that is the subject of the instant action, therefore the plaintiff's motion for summary judgment as to liability only is granted.
Richard A. Robinson, J