Pierre J. Michaud v. John E. Gurney et al.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued January 9—decision released May 13, 1975

*Lawrence W. Kanaga,* with whom, on the brief, was *Stuart Bear,* for the appellant (plaintiff).

*Nancy A. O'Connell,* with whom was *Daniel D. McDonald,* for the appellee (defendant Irene E. Michaud).

LONGO, J. The plaintiff, Pierre J. Michaud, brought this action to recover damages resulting from an intersection collision on a public highway involving two cars. He was a passenger in the car operated by his wife, the defendant Irene E. Michaud. The second car was operated by the defendant John Eric Gurney. In their answers, both defendants denied the plaintiff's allegations of negligence as to themselves. In addition, the defendant Gurney, in a special defense, claimed that the defendant Irene Michaud failed to yield the right of way to his vehicle. Although the complaint alleged that Gurney failed to yield the right of way to the car in which the plaintiff was riding, it did not claim that the defendant Irene Michaud failed to grant the right of way to her codefendant.[1] Irene Michaud filed a motion for summary judgment on the issue of liability together with her own affidavit and supporting documents. The plaintiff and the defendant Gurney filed counter affidavits and supporting documents. The court granted the motion for summary judgment in favor of the defendant Irene Michaud and against the plaintiff, stating in its memorandum of decision that the excerpts from the deposition taken of the plaintiff showed that he

---

[1] After the hearing on the motion for summary judgment, the plaintiff filed a motion for permission to amend his complaint against the defendant Michaud by adding an allegation that she failed to yield the right of way to the defendant Gurney. It does not appear that the court acted upon the motion.

made no claim of negligence of any kind in the operation of the motor vehicle by his wife. From this judgment the plaintiff appeals.

A motion for summary judgment is designed to dispose of actions in which there is no genuine issue of any material fact. *Rathkopf* v. *Pearson,* 148 Conn. 260, 263, 170 A.2d 135. The function of the trial court is to determine, in applying the summary judgment rules, whether an issue of fact exists but not to try that issue if it does exist. *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22. The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitles it to judgment as a matter of law. " '[I]ssue-finding, rather than issue-determination, is the key to the procedure.' " *Sillman* v. *Twentieth Century-Fox Film Corporation,* 3 N.Y.2d 395, 404, 144 N.E.2d 387. There must be a showing that it is quite clear what the truth is, and any real doubt as to the existence of any genuine issue of material fact must be excluded. *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 198, 319 A.2d 403.

The plaintiff, in his deposition, but contrary to his pleadings, testified that he did not notice that his wife, the defendant Irene Michaud, did anything wrong. She, however, testified in her deposition that she did not look down the road from which the defendant Gurney came, that she did not give warning of any kind, and that she did not see the Gurney car before the accident. In *Mulvey* v. *Barker,* 138 Conn. 551, 86 A.2d 865, this court affirmed a finding that both drivers were negligent under a fact pattern similar to the present case.

Even if it is assumed that the defendant Irene Michaud did have the right of way, she still had the duty to exercise reasonable care. *Labbee v. Anderson,* 149 Conn. 58, 61, 175 A.2d 370; *Bevins v. Brewer,* 146 Conn. 10, 16, 147 A.2d 189; *Drobish v. Petronzi,* 142 Conn. 385, 114 A.2d 685. Thus, a reading of the joint appendix submitted by the defendant Irene Michaud and the plaintiff indicates that there are genuine issues of material facts as to whether the defendant Irene Michaud was negligent, and whether her negligence, if any, was a proximate cause of the accident. *Mahoney v. Beatman,* 110 Conn. 184, 196–97, 147 A. 762.

"Litigants have a constitutional right to have issues of fact decided by a jury. *Ardoline v. Keegan,* 140 Conn. 552, 555, 102 A.2d 352. Summary judgment procedure 'is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact; *Cappiello v. Haselman,* 154 Conn. 490, 495, 227 A.2d 79; *Farrell v. Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 A. 675.' *Pine Point Corporation v. Westport Bank & Trust Co.* . . . [164 Conn. 54, 56, 316 A.2d 765]. Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. *Aetna Ins. Co. v. Cooper Wells & Co.,* 234 F.2d 342, 344 (6th Cir.); *Ebersole v. Lowengrub,* 54 Del. 463, 180 A.2d 467; *Johnson v. Farha Village Supermarkets, Inc.,* 208 Kan. 241, 491 P.2d 904; *Duchesneau v. Silver Bow County,* 158 Mont. 369, 492 P.2d 926." *Spencer v. Good Earth Restaurant,* supra, 198.

There is error, the judgment is set aside and the case is remanded with direction to deny the motion for summary judgment and then to proceed according to law.

In this opinion the other judges concurred.