[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court in Defendants' Motion for Summary Judgment.
The plaintiffs consist of five minor children and their mother who were paying guests at defendants' motel between October 21, 1986 and December 17, 1986. The complaint alleges that an employee of the defendants committed assault, sexual assault and forcible rape on the minors. The gravamen of the plaintiffs' complaint is that the defendants are liable for the actions of their employee under the doctrine of respondeat superior. Applicable counts are: 1, 3, 5, 7 and 9 of the plaintiffs' complaint.
Count two alleges negligence in hiring the employee and failure to properly supervise his activities and that they knew or should have known of his dangerous propensities.
Count eleven alleges violation of Connecticut Unfair Trade Practices Act, i.e. CUTPA.
Pleadings are now closed.
"Practice Book Section 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Connell v. Colwell, 214 Conn. 242, 246 (1990). (citation omitted.)
"The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. . ." and, "(t)he court must view the evidence in the light CT Page 3645 most favorable to the nonmovant." Nolan v. Borkowski,206 Conn. 495, 500 (1988). (citations omitted.) When ruling on a summary judgment motion, "the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Id. at 500. (citation omitted.)
Defendants argue that the attacker was not an employee, and even if he were, he was not acting within the scope of his employment or in furtherance of the employer's business.
Both of the parties admit that the question of whether an employee has committed a tort within the scope of his employment and in furtherance of the employer's business is ordinarily a question of fact.
The defendant, however, also maintains that if the employee's digression from duty is so clear cut (as in this case), then the issue may be decided as a matter of law.
Defendants have not filed sufficient supporting documentation with their motion to substantiate the nature of the employee's duties or the range and scope of his employment. On the other hand, the plaintiffs have submitted portions of dispositions which place a cloud on defendants' claim that there are no material facts in dispute. The deposition of Christopher Bowen suggests that the scope a. nature of the attacker's duties are far from clear.
Our Supreme Court has held that a material issue of fact is one that "`will make a difference in the result of the case.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578 (1990). (citations omitted.) "`The movant has the burden of showing the nonexistence of such issues. . . .'" Id. at 579. "`To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts. . . which contradict those stated in the movant's affidavits and documents.'" Id.
"(I)n order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business." A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208 (1990). However, "there are occasional cases where a servant's digression from duty is so clear cut that the disposition of the case becomes a matter of law." Id. at 207.
The complaint alleges, inter alia, that the attacker was employed for compensation as a room attendant. Defendants CT Page 3646 deny this, although they do admit he performed some chores. Clearly, there is a question of fact as to the status of the attacker. The issue of "employment" is, of necessity, tied to the issue of "acting within the scope of one's employment." Therefore, even if this Court were to decide that acting within the scope of the employment was an issue of law, summary judgment would be inappropriate because there are mixed issues of fact and law to be decided. See Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). Also, Michaud v. Gurney,168 Conn. 431, 434 (1975), where our court stated that summary judgment is especially ill adopted. . .where. . .the ultimate issue in contention involves a mixed question of fact and law.
Similarly, the defendants' challenge on the CUTPA claim must also fail. Such a claim within the framework of this complaint clearly falls within the province of a motion to strike since it directly challenges the legal sufficiency of the complaint.
Both parties appear to agree that the validity of a CUTPA claim must be tested under the "cigarette rule" test for unfairness. This test provides as follows:
 "(1)(W)hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether. . . it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ."
A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215
(1990).
The plaintiffs' complaint in relevant parts alleges that:
 "(T)he defendants represented Bel-Air Motel to plaintiffs and the general public as. . .a reasonably safe place for defendants' paying guests to stay, and that they would take such steps as were reasonably necessary to provide for the safety of their paying guests. . . ."
Plaintiffs' complaint, count eleven, at paragraph 3, and: CT Page 3647
 "The defendants' representations and agreements were false and deceptive in that defendants failed and refused to provide plaintiffs with a reasonable safe place to stay . . . ."
Plaintiffs' complaint, count eleven, at paragraph 10.
The plaintiffs offer excerpts of deposition material which clearly raise an issue of fact as to whether the defendants misrepresented, or failed to disclose, material facts that would have affected the plaintiffs' decision to stay at the motel.
Accordingly, even if the Court were to decide the CUTPA claim on its merits, viz a viz, the motion for summary judgment, it too must fail. A substantial issue of fact as to whether the defendants misrepresented the safety of the motel clearly exists.
Motion is denied.
Mihalakos, J.