[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue before the court is whether the plaintiff's motion for summary judgment should be granted?
The complaint in this matter was filed on November 20, 1991, by plaintiff Frances Myers. The complaint is in two counts, and seeks damages for personal injuries and suffering resulting from a motor vehicle accident. Count one is directed against Janice L. Palmer for alleged negligence in driving her automobile. Count Two is directed against Frank Nemergut, Jr., for alleged negligence in parking his automobile in an allegedly unsafe place.
Defendant Janice L. Palmer filed an answer on December 19, 1991, denying plaintiff's allegations of negligence. Plaintiff brought a motion for summary judgment, accompanied by a supporting memorandum of law, against defendant Janice L. Palmer on March 9, CT Page 5302 1992 as to the issue of liability above. The plaintiff brings this motion on the ground that there exists no genuine issue as to any material facts with respect to liability. The motion for summary judgment contains: (1) the affidavit of Frances Meyers, (2) a copy of the Stratford Police Report, and (3) copies of photographs of the automobile in which plaintiff was a passenger, taken after the collision.
Defendant Janice L. Palmer filed an objection to plaintiff's motion for summary judgment on March 30, 1992, accompanied by a supporting memorandum of law. Palmer objects to the motion for summary judgment on the ground that genuine issues of material fact exist as to the issue of liability.
A motion for summary judgment may only be granted when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984). "Summary procedure is especially ill-adapted to negligence cases, where. . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . ." Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). (Emphasis added) (Citation omitted). Though the defendant did file a memorandum of law in opposition to the plaintiff's motion, it was unaccompanied by an opposing affidavit. The law is well-settled, however, that a nonmovant's failure to file an opposing affidavit is not necessarily fatal. See Batick v. Seymour, 186 Conn. 632,645-47, 443 A.2d 471 (1982). It is accordingly noted that the opposing memorandum is sufficient for purposes of considering this motion.
It is clear that a genuine issue of material fact exists in this case as to the fundamental issue of whether the defendant was negligent. In her answer, the defendant maintains that she was not negligent, as per the allegations of plaintiff's complaint. The defendant repeats this denial of negligence in her opposing memorandum.
At the summary judgment stage, this case presents merely an allegation of negligence by one party and a denial of that allegation by the other. The police report and photographs, absent a proper foundation, are inadmissible and add nothing to plaintiff's motion and affidavit at this stage of the proceedings. Since issues of negligence are especially inappropriate for summary judgment, Michaud v. Gurney, supra, it is found that the plaintiff's motion be denied.
The motion is denied. CT Page 5303
WILLIAM J. McGRATH, JUDGE