Paul A. Dumraese, the plaintiff herein, filed a complaint against the defendants Ronald J. Rutherford and Milford Landscaping on September 17, 1990. The complaint alleges that the plaintiff has suffered pain and injuries as a result of the negligence of the defendant Rutherford in operating a motor vehicle owned by his employer, Milford Landscaping and is seeking damages therefor. On December 3, 1990, the defendants filed an answer, denying the allegations. On February 25, 1992, the plaintiff filed a motion for summary judgment, along with supporting memorandum of law, affidavit, and excerpts from a January 27, 1992 deposition of Rutherford. The motion addresses the issue of liability only, and is based on the claim that no genuine issue exists as to the liability of the defendants. The record reveals that the defendants have filed nothing in opposition to this motion for summary judgment. CT Page 5409
A motion for summary judgment may only be granted when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984). "Summary procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . ." Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975). (Emphasis added) (citation omitted). The law is well settled that a nonmovant's failure to file an opposing affidavit is not necessarily fatal. See Batick v. Seymour, 186 Conn. 632, 645-57,443 A.2d 471 (1982).
A mere assertion of fact is insufficient to establish the existence of a fact for purposes of considering a motion for summary judgment. See Hammer v. Lumbermen's Mutual Casualty Co.,214 Conn. 573, 579, 573 A.2d 699 (1990). Plaintiff's affidavit contains such an assertion: that his car was rear-ended by the car driven by Rutherford, and, that Rutherford was negligent.
Regardless of the fact that the defendants have filed nothing in opposition to the motion, the plaintiff must still meet his burden of proving that no question as to any material fact exists and that the plaintiff is entitled to summary judgment as a matter of law. The plaintiff's motion for summary judgment is denied.