[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue before the Court is whether the plaintiff's motion for summary judgment should be granted.
The complaint in this action was filed on August 1, 1991, by Cheryl Woodford, parent of the minor plaintiff Daryl Osiecki ("plaintiff"). The complaint seeks damages for automobile collision-related injuries sustained by plaintiff while he was a passenger in a car owned by defendant Frank Berardi and operated by defendant Lee Berardi ("defendants").
On October 16, 1991, defendants filed an answer to the complaint, denying plaintiff's allegations of the defendant driver's negligence. On February 5, 1992, the plaintiff filed a motion for summary judgment, along with a supporting memorandum of law, against the defendants as to the issue of liability alone. The motion is based on the claim that there exists no genuine issue as to any material fact with respect to the defendants' liability. Accompanying the motion is the plaintiff's affidavit and a police report.
On February 18, 1992, the defendants filed a memorandum in CT Page 5916 opposition to the motion for summary judgment, accompanied by the affidavit of defendant driver Lee Berardi. The plaintiff thereafter filed a reply memorandum on February 24, 1992.
A motion for summary judgment may only be granted when the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984). "Summary procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . ." Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). (Emphasis added). (Citation omitted).
It is noted that a genuine issue of material fact exists in this case as to the fundamental issue of whether the defendant driver was negligent. In their answer, the defendants assert that the defendant driver was not negligent, as per the allegations of plaintiff's complaint. The defendants repeat this denial of negligence in the opposing memorandum, averring that the plaintiff has not established beyond doubt that Lee Berardi was negligent in driving Frank Berardi's automobile.
At the summary judgment stage, this case presents merely an allegation of negligence by one party and a denial of that allegation by the other. The police report, absent a proper foundation, is inadmissible and adds nothing to plaintiff's motion and affidavit at this stage of the proceedings. Since issues of negligence are especially inappropriate for summary judgment, Michaud v. Gurney, supra, it is clear that the plaintiff's motion should be denied.
The Motion is denied.
WILLIAM J. McGRATH, JUDGE