[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
This is a declaratory judgment action to quiet title to a one-half interest in real property located at 495 Farmington Avenue, Hartford, Connecticut.
Pursuant a marriage dissolution decree, Donato D. Antone, CT Page 7593 Sr. ("Antone") was deeded a one-half interest in the stated commercial property.[1] As part of the dissolution proceedings the court appointed co-trustees to manage and sell the property. On March 12, 1992, Antone executed a Statutory Short Form Power of Attorney pursuant General Statutes § 1-42
et seq., authorizing his nephew, Norman Staphos, to act in his behalf with respect to most personal matters, including real estate transactions. On March 20, 1992, Staphos, purportedly acting pursuant to the power of attorney, gifted (transferred for no consideration) Antone's one-half interest in the subject property to his sister, plaintiff Linda Wosczyna. Antone died on April 12, 1992.
The present declaratory judgment action, instituted by Wosczyna, is directed at David M. Roth, as trustee of Antone's estate, and Donato D. Antone, Jr., as administrator and presumptive heir of Antone's estate,[2] whom both assert an interest in the subject property.
On May 2, 1994, the defendant, Donato Antone, Jr. filed a motion for summary judgment, asserting that the gratuitous transfer of the property to the plaintiff was invalid as a matter of law because Staphos, the agent, had no written authorization to make gifts of the principal's property.
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99 (1993). The function of the trial court in applying the summary judgment standard is to determine whether an issue of fact exists, but not to decide that issue if it does exist. Michaud v. Gurney, 168 Conn. 431, 433,362 A.2d 857 (1975). The moving party "must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Quotations omitted.) Id. In deciding a motion for summary judgment the burden of proof is upon the moving party to show the nonexistence of any genuine issue of material fact; see Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.2d 334 (1991); and the trial court must view the evidence in the light most favorable CT Page 7594 to the nonmoving party." Strada v. Connecticut Newspapers,Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). Summary judgment is proper only in limited instances where the evidence is such that no room for disbelief could exist in the minds of the jury, and where the circumstances would require a directed verdict for the moving party. Wilson v. City ofNew Haven, 213 Conn. 277, 279-80, 567 A.2d 829 (1989).
"A power of attorney is an instrument in writing by which one person, as principal, appoints another as his agent and confers upon him the authority to perform certain specified acts or kinds of acts on behalf of the principal." 3 Am.Jur.2d Agency § 23 (1986). A power of attorney constitutes a formal contract of agency, and thus creates a principal-agent relationship to which the principles of agency law are applicable. Long v. Schull, 181 Conn. 252, 256,439 A.2d 975 (1981). One rule of agency law holds that a principal may delegate to an agent all that he himself can do except acts peculiarly personal or acts regulated by statute which are required to be performed personally. State v.Tedesco, 175 Conn. 279, 287, 397 A.2d 1352 (1978). The issue presented in the case at bar is whether Donato D. Antone's power of attorney executed in favor of his nephew, Staphos, authorized Staphos to gratuitously transfer the subject property interest.
Powers of attorney are to be construed in accordance with the rules for the interpretation of other contracts, and where the parties intent is clear from the language employed, it is controlling. See 2A C.J.S. Agency § 151 (1955); Long v. Schull, supra, 184 Conn. 256 (The authority of the agent is defined by the terms of the power of attorney).
The undisputed facts indicate Antone executed his power of attorney in favor of Staphos pursuant to General Statutes § 1-42 et seq., the Connecticut Statutory Short Form Power of Attorney Act. The power of attorney document, which is identical to the recommended form in General Statutes § 1-43, reads in pertinent part:
 Notice: The powers granted by this document are broad and sweeping. They are defined in Connecticut Statutory Short Form Power of Attorney Act, sections 1-42 thru 1-56, inclusive, of the General Statutes. . . CT Page 7595
 Know all Men by these Presents, which are intended to constitute a GENERAL POWER OF ATTORNEY
pursuant to Connecticut Statutory Short Form Power of Attorney Act:
 That DONATO ANTONE of 3 South Main Street, Apartment B-2 West Hartford, Connecticut do hereby appoint NORMAN STAPHOS of 1447 Boulevard, West Hartford, CT. my attorney-in-fact TO ACT:
 First: in my name, place and stead in any way which I myself could do if I were personally present with respect to the following matters as each of them is defined in the Connecticut Statutory Short Form Power of Attorney Act to the extent that I am permitted by law to act through an agent:
 [To strike out any subdivision the principal must draw a line through the text of that subdivision AND write his initials in the box opposite]
(A) real estate transactions; [ ]
. . .
(L) all other matters [ ]
Furthermore, General Statutes § 1-44 states, in pertinent part, the following:
 In a statutory short form power of attorney, the language conferring general authority with respect to real estate transactions shall be construed to mean that the principal authorizes the agent: . . . (2) to sell, to exchange, to convey either with or without covenants, to quit claim, . . . or otherwise to dispose of, any estate or interest in land;
Based on the express language of both the power of attorney agreement and General Statutes § 1-44, the gratuitous transfer by Staphos, an agent in a power of attorney agreement, was not, as a matter of Connecticut law, prohibited. The express CT Page 7596 language of the statute clearly authorizes such a transaction, as does the language of the agreement. For that reason, the defendant's motion for summary judgment is hereby denied.
Michael R. Sheldon Judge