[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #116
The plaintiff moves for interlocutory summary judgment on the issue of liability on the ground that there are no genuine issues of material fact regarding the negligence of the defendant and therefore, the plaintiff is entitled to judgment on the issue of liability as a matter of law.
On October 31, 1996, the plaintiff, Minerva Rivera,[1]
filed an amended complaint against the defendants Davenport Surety Company and Douglas Davenport, alleging negligence, false imprisonment and a violation of 42 U.S.C. § 1983. Specifically, the plaintiff alleges that the defendant Douglas Davenport, a professional bondsman and agent of Davenport Surety Company, was negligent in wrongfully arresting the plaintiff's decedent. The plaintiff alleges that as a result of this negligence, the decedent was wrongfully incarcerated for four months and suffered various injuries.
The plaintiff now moves for interlocutory summary CT Page 10099 judgment on the issue of liability on the ground that there are no genuine issues of material fact regarding the defendant's negligence, and therefore, the plaintiff is entitled to judgment on the issue of liability as a matter of law. In support of this motion, the plaintiff has attached an affidavit and supporting documents. The defendant has filed a memorandum in opposition to the plaintiff's motion for interlocutory summary judgment and has attached supporting documents.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Great Country Bank v.Pastore, 241 Conn. 423, 435, ___ A.2d ___ (1997) (citing Practice Book § 384.) "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogartyv. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . ." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975). "A determination of negligence is necessarily one of fact." Id.
The plaintiff argues in support of her motion for interlocutory summary judgment that the defendant, Davenport Surety, was vicariously negligent through the omissions and actions of its agent, the defendant Douglas Davenport. The plaintiff argues further that the defendants owed a duty to the decedent which was breached when the decedent was wrongfully arrested. Also, the plaintiff claims that the defendant Douglas Davenport's admission that a mistake was made regarding the arrest of the decedent amounts to an admission of negligence. Thus, the plaintiff argues that because there are no issues of material fact regarding the defendant's negligence, the court should also grant her motion CT Page 10100 for interlocutory summary judgment as to counts two and three of the complaint involving false imprisonment and 42 U.S.C. § 1983.
The defendant argues in opposition to the plaintiff's motion for summary judgment that the defendant's admission of a mistake does not amount to an admission of negligence and therefore, material issues of fact exist regarding the negligence of the defendant. Also, the defendant argues that because the issue of negligence should be submitted to the trier of fact, the court should also deny the plaintiff's motion for summary judgment as to counts two and three, involving false imprisonment and violations of 42 U.S.C. § 1983.
The issue of the defendant's negligence involves a question of fact that "should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, supra, 193 Conn. 446. Accordingly, the court denies the plaintiff's motion for interlocutory summary judgment on the issue of liability, as to all three counts.
Mary R. Hennessey, Judge