[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
The plaintiff, John Candido, filed a two count complaint on May 10, 1996, against Dattco, Inc.; Edelmiro Correa, Jr.; and the city of New Haven. Dattco, Inc. and Edelmiro Correa, Jr. filed a request to revise on June 14, 1996, and the plaintiff filed a revised two count complaint on June 21, 1996. In the first count, the plaintiff alleges injuries due to the negligence and carelessness of the defendants in operating a commercial bus. In the second count, the plaintiff alleges injuries due to the negligence of New Haven in failing to maintain its pedestrian crosswalks in a reasonably safe condition. The defendants filed their answer and special defenses to the complaint on August 29, 1996. The defendants admitted that the accident occurred, denied any negligence, and asserted the special defense that the plaintiff's own negligence and carelessness was the cause of the accident.
On October 1, 1997, the defendants filed a motion for summary judgment. The defendants move for summary judgment as to the first count on the ground "that there exists no genuine issue as to any material fact with respect to liability." As required by Practice Book § 204, the defendants filed and served a memorandum of law, in which they briefly outlined their legal claims and the pertinent authority relied upon, in support of their motion for summary judgment. Additionally, the defendants complied with Practice Book § 380 as they filed documents in support of their motion for summary judgment. Specifically, the defendants attached a copy of a witness' certified deposition testimony,[1] and a copy of the plaintiff's responses to the defendants' request for admissions[2] to their memorandum of law. The plaintiff likewise complied with Practice Book § 380 by filing documents in opposition to the defendants' motion for summary judgment. Specifically, the plaintiff filed a memorandum of law in opposition to defendants' motion for summary judgment, and attached thereto certified copies of the plaintiff's CT Page 3785 deposition testimony, as well as an affidavit by the plaintiff.
LEGAL DISCUSSION
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384.[3] "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue." (Internal quotation marks omitted.)Bruttomesso v. Northeastern Conn. Sexual Assault Crisis Services,Inc., 242 Conn. 1, 5-6, 698 A.2d 795 (1997). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). A determination "of negligence is necessarily one of fact." (Internal quotation marks omitted.)Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975). Therefore, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984).
The plaintiff alleges that the defendants were negligent and careless in one or more of the following ways: by failing to keep a reasonable and proper lookout, to pay attention to where they were driving, to sound horn, to give a timely or any warning, to keep and operate vehicle under proper control, and to turn in time to avoid impact; by operating a bus at a greater rate of speed than circumstances warranted, with defective or inadequate brakes, or by failing to apply brakes in time to avoid impact; and by violating certain motor vehicle laws by operating a bus at a rate of speed greater than reasonable, by failing to see the plaintiff in time to prevent impact, by failing to give proper warning, and by failing to yield the right of way to the plaintiff who was lawfully in the crosswalk. The defendants move for summary judgment on the ground that there remains no genuine issue as to any material fact with respect to liability. More specifically, the defendants argue "that there is no evidence before the Court which would lead a reasonable juror to the conclusion that either Defendant breached a duty of care to the Plaintiff." (Defendants' Brief, p. 4.) CT Page 3786
The deposition testimony of a witness to the accident, submitted in support of the defendants' motion for summary judgment, reflects the following: that the bus had begun making its turn before the plaintiff stepped off the curb and walked into the street; that the bus was half way across the crosswalk when it hit the plaintiff; that the plaintiff was walking with his head down outside of the crosswalk when he was hit by the bus; that the bus was approximately five or five and one half feet, or slightly over a car width, from the curb when it hit the plaintiff; and that the bus was traveling at a normal rate of speed as it was turning. (Deposition of Henry Carrone, pp. 8, 13, 14.)
However, the plaintiff's deposition testimony as well as his affidavit, submitted in opposition to the motion for summary judgment, reflect that the plaintiff was eight to ten feet into the road when he was struck by the bus. (Deposition of John Candido, p. 11.) This testimony conflicts with the deposition testimony submitted by the defendants which indicates that the plaintiff was five or five and one half feet from the curb when he was struck by the car. A determination of the defendants' negligence will depend, in part, on the plaintiff's location in the street at the time he was struck by the bus. As such, this is a material fact which will make a difference in the result of the case. Therefore, there is a genuine issue of material fact regarding the circumstances of the accident, and that the defendants are not entitled to judgment as a matter of law.
CONCLUSION
Because there remains a genuine issue of material fact, the defendants are not entitled to judgment as a matter of law. Thus, the defendants' motion for summary judgment (#123) will be denied.
So ordered.
Michael Hartmere Judge of the Superior Court