[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs instituted a negligence action against five defendants stemming from injuries suffered in a head on collision. The defendant driver, John Stelmaszek, was returning home from a company picnic sponsored by his employer, Pitney Bowes, when he hit the plaintiff, Russell Kayser. The driver was CT Page 11557 allegedly intoxicated and cited for operating a motor vehicle while under the influence of intoxicating liquor. Two of the seven counts of the complaint are directed toward Pitney Bowes. The first count alleges negligent supervision and the second sounds in respondent superior.
The plaintiffs move for summary judgment as to count two of the complaint, maintaining that there are no material issues of fact, and therefore, as a matter of law, Pitney Bowes is vicariously liable. Pitney Bowes, in its opposition memorandum, argues that the plaintiffs have improperly moved for summary judgment as to a portion of a count, have provided insufficient evidence to establish negligence and have cited cases which are distinguishable from the present case. In reply, the plaintiffs assert that they have provided sufficient evidence in the form of numerous depositions, a police accident report and interrogatories to support their summary judgment motion and the case law is dispositive.
In a separate motion, defendant Pitney Bowes has moved for summary judgment on both counts of the complaint asserted against them: negligent supervision and vicarious liability. As to the latter count, it contends that taking the facts as undisputed, Stelmaszek was not acting within the scope of -his employment and for the benefit of Pitney Bowes when he had the accident. Moreover, Pitney Bowes argues that the plaintiffs' claims of both negligent supervision and vicarious liability are insufficient as a matter of law. In response, the plaintiffs contend that the defendant's motion is improperly brought as a motion for summary judgment after its insufficiency claims were decided under a motion to strike. Furthermore, the plaintiffs state that "an issue of fact exists as to whether the harm to plaintiffs in this case was foreseeable to defendant Pitney Bowes." (Plf. mem. in opp., p. 17.) Later on in their brief, when addressing the respondent superior claim, the plaintiffs argue that the motor vehicle accident was foreseeable in light of Stelmaszek's drunken state. Yet, the plaintiffs conclude that a genuine issue of fact exists as to count two. (Plf. in opp., p. 35.) In reply, Pitney Bowes argues that under a negligent supervision cause of action, the defendant's duty extends only to conduct occurring on its premises and that it clearly had no notice of Stelmaszek's intoxication. Lastly, it contends that Stelmaszek was not serving his employer nor benefitting [benefiting] the employer when he drove home from work that day. CT Page 11558
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 554 (1998). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). "A "material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . The test [for granting summary judgment] is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty,214 Conn. 573, 578 (1990).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v.Rashaw, 193 Conn. 442, 446 (1984). Motions for summary judgment are "especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney,168 Conn. 431, 434 (1975). More specifically, "the issue of causation . . . is a question reserved for the trier of fact."Abrahams v. Young Rubicam. Id., 240 Conn. 300, 307 (1997); see also Suarez v. Sordo, 43 Conn. App. 756, 767, 685 A.2d 1144
(1996), cert. denied, 240 Conn. 906, 688 A.2d 334 (1997) (proximate cause and foreseeability is a question of fact). Furthermore, our Supreme Court has held that "it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further [the] master's business." (Internal quotation marks omitted.) A-G Foods. Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 207 (1990).
Despite the plethora of documentary evidence provided in the CT Page 11559 motions for summary judgment as to the respondent superior count, there are still questions of fact which must be decided by a factfinder. As conceded by the plaintiffs, there is an issue of fact as to the foreseeability of the accident. Also, in their motion in opposition to Pitney Bowes' motion for summary judgment, the plaintiffs conclude a material issue of fact exists as to count two. It is the opinion of this court that-there is clearly an important question of fact as to whether Stelmaszek was acting within the scope of his employment and in his employer's interests when he drove home from the company picnic. Both sides dispute whether even the day's activities constituted "service of the master," whether Pitney Bowes benefited from the employee driving home, whether Pitney Bowes had notice of Stelmaszek's intoxication and whether the accident was foreseeable. Moreover, the conflicting arguments were both supported by documentary evidence. Finally, the cases cited by the plaintiffs concerning the employer's liability after an employee has a drunk driving accident either did not involve a motion for summary judgment or a motion for summary judgment was denied because there were unresolved issues of fact, and therefore, these cases are not dispositive in the present case. Accordingly, both the plaintiffs' and defendant's counter motions for summary judgment as to count two are denied.
"The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance." (Citations omitted; internal quotation marks omitted.) Breen v. Phelps, 186 Conn. 86, 99 (1982); see alsoState v. Arena, 235 Conn. 67, 80 (1995), Miller v. Kirshner,225 Conn. 185, 191 (1993).
"A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest CT Page 11560 injustice if followed, he may apply his own judgment." (Citations omitted; internal quotation marks omitted.) Breen v. Phelps, supra, 99-100.
This court has previously ruled on the sufficiency of the plaintiffs' complaint on a motion to strike decision dated April 4, 1996. It denied the defendant's motion, finding that both the vicarious liability and negligent supervision claims were sufficiently pleaded. Since this court has no knowledge of any new or overriding circumstance which separates this motion for summary judgment from the prior motion to strike, it is, accordingly, denied.
Moraghan, Justice