[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
This is a personal injury case arising out of an automobile accident. The plaintiff, Mary Imperatore ("Imperatore"), asserts by way of affidavit that on March 22, 1995 while driving her vehicle on North Colony Road in Wallingford, Connecticut she stopped in the inside lane in order to turn left into a parking lot. Imperatore further states that her left turn signal was engaged. While waiting to turn, Imperatore states that the defendant, Christine Murano ("Murano"), was operating a car behind her and collided into the rear of her vehicle. Imperatore further states in her affidavit that she suffered injuries due to the collision. On the basis of this affidavit, Imperatore seeks summary judgment on the issue of liability. The defendant, CT Page 13241 Murano, objects to summary judgment claiming that issues of material fact exist. For the reasons set forth below, the motion for summary judgment is denied.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. Nolan v.Borkowski, 206 Conn. 495, 500 (1988).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). Summary Judgment is "particularly ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434 (1975).
Applying the above legal principles to the present case requires that summary judgment be denied. In the first place, Imperatore's affidavit does not assert negligence by Murano. It merely states that Murano's vehicle collided into the rear of her vehicle.
This is not a case of negligence per se. Moreover, Murano's affidavit does not admit negligence but rather states that she saw the Imperatore vehicle in her lane of traffic, did not recall seeing a signal light and upon noticing the vehicle stopped was unable to stop in time to avoid the collision.
In her memorandum Imperatore makes reference to a traffic citation issued to Murano for following too close. This alone does not prove negligence because there is no evidence that Murano pleaded guilty or otherwise admitted the conduct.
On the present state of the record, there exists material CT Page 13242 facts as to negligence so as to preclude the entry of summary judgment.
For the reasons set forth above, the motion for summary judgment is denied.
So ordered at New Haven, Connecticut this 30th day of September, 1999.
Devlin, J.