[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT BOROUGH OF NAUGATUCK'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has brought this action against the defendants for injuries and losses which she allegedly sustained when she tripped and fell while walking on Meadow Street in the Borough of Naugatuck. She attributes her fall to the "dangerous and defective condition" of a water grate valve owned by the Connecticut Water Company (CWC) and located on a public highway (Meadow Street).
The defendant Naugatuck has moved the court to enter a summary judgment against the plaintiff for the reason that there is no genuine issue of fact that Naugatuck had no duty to maintain that portion of a public highway where the plaintiff claims to have tripped and fallen.
"Practice Book Section 384 [now Section 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding any motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Thompson and Peck, Inc. v. Drywall, Inc.241 Conn. 370, 374 (1997).
Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . Issues of negligence are ordinarily not susceptible of summary adjudication but CT Page 6473 should be resolved by trial in the ordinary manner." Michaud vs. Gurney,168 Conn. 431, 434 (1975).
The defendant Borough of Naugatuck relies upon the fact that the street in question, Meadow Street, is actually a State highway (Route 63) and that the State of Connecticut, and not Naugatuck, has the duty to maintain it.
The plaintiff, in her brief in opposition, points out that while the location of the fall was on Meadow Street, (Route 63), it was at that street's intersection with Meadow Court, a town street which the Borough of Naugatuck is required to maintain.
Section 13a-99a (a)(c), General Statutes, provides in relevant part, "when a town road crosses or intersects a state highway right of way at grade level, the responsibility for maintenance of that portion of the town road from the edge of the state highway right of way to the edge of the travel portion of the state highway shall remain with the town; and only liability for neglect or default of maintenance of such portion of the town road shall be in accordance with Section 13a-149."
The plaintiff maintains that there are not one but two issues of fact raised by the pleadings. (1) Did the plaintiff trip and fall at a point within the intersection of Meadow Street (Route 63) and Meadow Court; and (2) Did such trip and fall occur within that intersection — yet between the edge of the state highway right of way and the edge of the travel portion of said state highway.
The Borough of Naugatuck argues that the complaint on refers only to a fall on Meadow Street. The plaintiff notes that her notice to the state provided pursuant to Section 13a-149, General Statutes, alludes to Meadow Court when it states that the place of the fall was "In the northbound lane of Meadow Street (Rt. 63) in front of 235 Meadow Street just before Meadow Street's intersection with Meadow Court, approximately ten (10) feet from the curbing."
The plaintiff also filed an affidavit in which she avers that the location of the fall was within said intersection and off the travel portion of Meadow Street.
The question of whether the fall occurred within the intersection but not within the travel portion of Route 63 is a question of fact for the jury.
The plaintiff cites Merola vs. Burns, 21 Conn. App. 633, (1990) which CT Page 6474 provides in relevant part, "at an intersection of a town road and a state highway, the town has the duty to maintain not only the portion of the town road that is outside the state highway right-of-way, but also that portion of the town road that is within the state highway right-of-way exclusive of the travel portion of the state highway." The area in question in the instant case is an intersection with a state highway and not on the travel portion of said highway.
Whether there is a defect in such proximity to the highway so as to be considered in, upon, or near the travel path of the highway must be determined on a case by case basis after a proper analysis of its own particular circumstances, and is generally a question of fact for thejury." (Emphasis added) Serrano vs. Burns, 248 Conn. 419, 426 (1999).
For the foregoing reasons the defendant Borough of Naugatuck's motion for summary judgment is denied.
By the Court,
Joseph W. Doherty, Judge