[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion for summary judgment, brought by the plaintiff, Kenneth Dixon. The case arises from an alleged one vehicle accident in which the plaintiff was a passenger and the defendant, Som N. Phinit, was the driver. (Revised complaint, ¶ 1.) The plaintiff alleges that the defendant lost control of her vehicle, causing it to overturn. (Revised complaint, ¶¶ 3-4.) Allegedly, the plaintiff sustained injuries as a result of the accident. (Revised complaint, ¶ 5.)
The plaintiff filed the present motion for summary judgment on February 28, 2001, and appeared at short calendar on March 19, 2001. Accompanying the motion are a "Memorandum of Law" and an affidavit of the plaintiff. The defendant did not file any pleadings or evidence in opposition, and did not appear at short calendar to argue the motion.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000). When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits. . . ."Heyman Associates No. 1 v. Insurance Co. of Pennsylvania, 231 Conn. 756,795, 653 A.2d 122 (1995).
The plaintiff's intent for filing the present motion is to resolve all issues regarding liability so that the court may proceed directly to a trial to determine the measure of damages. (Transcript, oral argument, March 19, 2001, pp. 2-3.)[1] The plaintiff's single count revised complaint sounds in negligence.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.CT Page 8899Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984). This is so because summary judgment "is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.)Michaud v. Gurney, 168 Conn. 431, 434,362 A.2d 857 (1975). The court concludes that the plaintiff's motion for summary judgment must be denied because the record does not resolve the issue of liability.
The plaintiff's affidavit essentially repeats paragraphs one through five of his complaint verbatim, to wit: "On or about November 4, 1998, I was a passenger in an automobile being operated by the Defendant. Said automobile was being operated on King Street, in the City of Danbury. After passing the intersection of King and South King Streets, the Defendant lost control of her 1993 Ford automobile. Said accident caused the vehicle to overturn. As a result of said accident; I received injuries to my back, from which I suffer to the present time."
Although the court is entitled to rely on the facts stated in the plaintiff's uncontroverted affidavit; Kakadelis v. DeFabritis,191 Conn. 276, 280-81, 464 A.2d 57 (1983); the plaintiff bears the burden of establishing the absence of a genuine issue of material fact. Appletonv. Board of Education, supra, 254 Conn. 209. The plaintiff has failed to meet this burden. Notably missing in the plaintiff's affidavit is any statement regarding the nature of the defendant's alleged breach of her duty of care. The plaintiff avers that the defendant lost control of her vehicle but not that she was driving in a negligent manner. Because the plaintiff's affidavit fails to resolve the issue of liability, the motion must be denied. Witt v. St. Vincent's Medical Center, 252 Conn. 363, 372
n. 7, 746 A.2d 753 (2000).
That the defendant failed to object does not, a fortiori, amount to consent to the granting of a motion for summary judgment where the motion fails to demonstrate that there are no genuine issues of material fact.Pepe v. New Britain, 203 Conn. 281, 287-88, 524 A.2d 629 (1987) (although Practice Book § 17-45 declares that materials in opposition "shall" be filed before short calendar, § 17-45 "does not contain any provision . . . that the consequence of noncompliance with the rule is that the delinquent party `shall be deemed by the court to have consented to the granting of the motion.'"). CT Page 8900
Moreover, the plaintiff's memorandum fails to comport with even the minimal requirements of Practice Book § 11-10, which requires that the memorandum in support briefly outline "the claims of law and authority pertinent thereto. . . ." (Emphasis added.) In his memorandum, the plaintiff merely recapitulates the procedural history of the case and the basic principles of summary judgment motions generally; the plaintiff provides no analysis as to the facts in this case. Failure to outline the claims presented by the motion is fatal and provides an additional ground on which the court may deny the motion for summary judgment. HeymanAssociates No. 1 v. Insurance Co. of Pennsylvania, supra, 231 Conn. 796
(movant required to support motion for summary judgment with supporting documentation); Bellavita v. Allstate Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 327000 (August 12, 1999,Melville, J.) (25 Conn.L.Rptr. 229, 232) (court refused to consider claim not outlined by movant).
Because the plaintiff failed to meet his evidentiary burden and failed to file a sufficient memorandum of law, the motion for summary judgment is denied.
White, J.