[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the plaintiffs motion for summary judgment. The plaintiff, Southern New England Telephone Company, filed a motion for summary judgment on the ground that the defendant had admitted, in responses to Request for Admissions, negligence per se. The defendant, Baldino Sons Excavating Sewer Service, Inc. objects to the motion, arguing that its admissions are not sufficient to support the granting of the motion. For the following reasons, the court denies the motion.
The issue before the court is whether or not the defendant's admission that it failed to get a Call Before You Dig Ticket, which constitutes a violation of Connecticut Department of Public Utility Regulation, establishes negligence per se. This court finds that the admission, while supporting a finding of negligence per se, does not address the issue of proximate cause. Without uncontroverted evidence that the conduct of the defendant caused the damages, the court cannot grant the plaintiffs summary judgment motion.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. CT Page 8899 Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442, 446, 476 A.2d 582
(1984). This is so because summary judgment "is especially ill-adapted to CT Page 7756 negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law . . ." Michaud v. Gurney, 168 Conn. 431,434, 362 A.2d 857 (1975).
For the foregoing reasons, the court denies plaintiffs motion.
 ___________________ Angela Robinson-Thomas, Judge