[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO SECOND COUNT — MOTION #121
By motion dated August 29, 2002, the defendant William Romani moves for summary judgment to enter in his favor on Count 2, sounding in violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). The count incorporates the allegations contained in count one, which sounds in carelessness and negligence.
The pleadings allege that this defendant was a certified public accountant retained by the plaintiff to provide accounting and investing services. It is further alleged that this defendant convinced or advised the plaintiff to invest approximately $100,000 in a high risk unsecured loan to the defendant Medical Health Fitness, Inc. That defendant defaulted on the loan and the plaintiff suffered losses.
The defendant William Romani argues that because the claims in Count 2 are based entirely on his alleged negligence in providing professional services to the plaintiff there is no claim under CUTPA. He relies onHaynes v. Yale-New Haven Hospital, 243 Conn. 17, 32-39 (1997) (medical malpractice), and Beverly Hills Concepts v. Schatz Schatz, Ribicoff Kotkin, 247 Conn. 48, 79 (1998) (legal malpractice), as well as superior court authority. Under its law, the Supreme Court held that professional negligence or malpractice does not fall under CUTPA, and that only entrepreneurial aspects of the practice of law or medicine are covered by CUTPA.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 297
(2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. MorasciniCT Page 13243v. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such a disputed issue. . . . It is not enough, however for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court . . ." (Internal quotation marks omitted.) Home InsuranceCo. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
The court has examined the pleadings, affidavits and other supporting documentation and finds no issue of fact exists as to any entrepreneurial or commercial aspect to the defendant's conduct. The court agrees with the reasoning of the courts in Share America, Inc. v. Ernst Young,
Superior Court, judicial district of Waterbury, doc. no. 930150132 (July 2, 1999) (Sheldon, J.) and The Advest Group, Inc. v. Anderson, Superior Court, judicial district of Hartford, doc. no. 97 0571417 (July 28, 1998) (Aurigemma, J), (22 Conn.L.Rptr. 520). Here, as in those cases, the plaintiff has alleged negligence only as to the defendant's rendering of professional services as an accountant and not as to any commercial or entrepreneurial aspects. As noted so clearly by Judge Aurigemma in applying the holding of Haynes v. Yale-New Haven Hospital, supra, to actions alleging accounting malpractice.
 Accounting, like law and medicine, is a learned profession that is not interchangeable with other commercial endeavors. Deviations from the standard of care applicable to accountants are not the type of actions the consumer protection provisions of CUTPA were designed to prevent. Case law concerning accounting malpractice, the regulations of the State Board of Accountancy, and the rules of the American Institute of Certified Public Accountants more appropriately address such deviations.
Like attorneys and health care providers, accountants are extensively regulated by a state agency other than the Department of Consumer Protection. See Connecticut General Statutes §§ CT Page 13244 20-279b, et seq. The state Board of Accountancy (the "Board") regulates the conduct of public accountants in this state pursuant to the authority granted to it by § 20-280 of the Connecticut General Statutes. Specifically, the Board has the authority to conduct investigations into complaints about the conduct of accountants, § 20-280c, and to impose sanctions on accountants, including fines: revocation or suspensions of licenses: censures; or imposition of probation, for committing dishonesty, fraud or negligence in the practice of public accountancy and for other enumerated misconduct. § 20-281a.
 Based on the foregoing, the same limited exemption from CUTPA that applies to the practices of law and medicine should apply to the practice of accounting that is, only claims arising out of the commercial or entrepreneurial aspects of accounting should fall under CUTPA.
The Advest Group, Inc. v. Andersen, supra, 22 Conn.L.Rptr. 525.
For the foregoing reasons, the motion for summary judgment is granted and judgment may enter for the defendant on the second count.
DiPentima, J CT Page 13245