[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action by the plaintiff, Barbara Supple, in her capacity as Conservatrix oft Lie Estate of Christian Lewonczyk (Lewonczyk), for personal injuries and other damages and losses allegedly sustained by Lewonczyk when he was struck by a motor vehicle being operated by the defendant, Michael Allard.
In her Complaint, the plaintiff alleges that the plaintiff was negligent in a number of ways on November 18, 1998, when his motor vehicle struck Lewonczyk as he was crossing River Road in Shelton while on foot.
The defendant has moved this court to enter a summary judgment against the plaintiff cm the ground that the plaintiff cannot produce evidence of the defendant's negligence.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doucette v.Pomes, 247 Conn. 442, 452, 724 A.2d 481 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 386,752 A.2d 503 (2000).
The plaintiff points out that it is well established that "summary CT Page 14421 judgment procedure is especially ill adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of law and fact, and requires the trier of the fact to determine whether the standard of care was met in a specific situation." Michaud . Gurney,168 Conn. 431, 434 (1975). A determination of negligence is necessarily one of fact. Id. ". . . [I]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved at trial in the ordinary manner." Maffucci v. Royal Pk. Ltd. Partner,42 Conn. App. 563, 568 (1996).
In his Reply to the Plaintiffs Objection to Motion for Summary Judgment, the defendant cites the holding in Papp v. City of Shelton,25 Conn.L.Rptr. 318, 1999 WL 711516 (Conn.Super.) wherein the court held, "Even in a negligence case, once affidavits establish there is no viable negligence claim the burden of explanation shifts to the plaintiff to set forth evidence which would preclude the granting of the motion for summary judgment."
The defendant puts great weight in the fact that the plaintiff, himself, has little if any recollection as to the facts surrounding the collision. He also cites the testimony of members of the Shelton Police Department who responded to the report of the accident and made certain observations after the fact. The defendant's own deposition and affidavit were also cited by the defendant to establish his assertion that there is no viable negligence claim in this case.
Having reviewed the allegations of negligence in the Amended Complaint, and having noted the inconsistencies in the depositions cited by the defendant as to the weather conditions and the lighting conditions existing at the time of the collision and as to the action taken by the defendant in the operation of his vehicle at the time of the collision, the court cannot decide that the defendant was not negligent and at fault in the operation of his vehicle.
As Judge Corridino stated in Papp v. City of Shelton, supra, ". . . [O]nce a defendant makes a prima facie showing by documents, affidavits or deposition testimony that there is no viable negligence claim the burden of explanation properly shifts to the plaintiff to set forth by his or her or its own evidence why the motion should not be granted . . . Here, for reasons noted that scenario does not exist because theevidentiary predicate for the absence of negligence has not been set forth." Papp, supra, p. 373.
As the court did in Papp, this court finds that the evidentiary
predicate for the absence of negligence has not been set forth and, for CT Page 14422 that reason the defendant's motion for summary judgment is hereby denied.
By the Court,
___________________ Joseph W. Doherty, Judge CT Page 14423