[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this employment action alleging discrimination based upon a disability and a violation of the Family and Medical Leave Act (FMLA), the defendant Eyelets for Industry, Inc. (Eyelets) moves for summary judgment to enter in its favor. Eyelets argues that as a matter of law no genuine issue as to any material fact exists so that it is entitled to summary judgment. Specifically, it claims that the plaintiff Rodney Michele cannot prevail on his disability discrimination claim because he has no expert to prove that he has the alleged disability, namely Attention Deficit Hyperactivity Disorder (ADHD). It also argues that because Michele cannot show that he sought to exercise his rights under FMLA, he cannot, as a matter of law, prevail on any claims under that act.
Eyelets filed its motion with memorandum and supporting affidavits on October 31, 2000; the matter was heard by the court on May 29, 2001, when the plaintiff filed a memorandum opposing the motion.[1] The court allowed the plaintiff one week to file an affidavit supporting his opposition to the motion. The affidavit was filed on June 5, 2001.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 397
(2000); Appleton v. Board of Education, 254 Conn. 205, 209 (2000); Milesv. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morascini v. Commissionerof Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v. Gurney,168 Conn. 431, 433 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must CT Page 9070 substantiate its adverse claim by showing that there is a genuine issue of material fact together with. evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a. material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Insurance Co.v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
The following facts are not in dispute for purposes of this motion. The plaintiff became employed at Eyelets as its systems administrator on September 15, 1993. In April 1996, Ronald Weinstein, Ph.D, made a diagnosis that Michele had ADHD.[2] On April 29, 1996, Michele disclosed this diagnosis to Eyelets. After September 19, 1996, the plaintiff did not return to work. On September 27, 1996, Michele's physician, Dr. Andrew Selinger, wrote to Eyelets:
This note is to certify that Rodney Michele is unable to work.
 Rodney has been under my care for the past ten years, and I feel that it would better serve my patient by not remaining at this stressful work environment at this time.
(06/03/01 Affidavit of Rodney Michele, Ex. 4.)
Then, in a letter dated October 8, 1996, Michele himself wrote to Eyelets' attorney saying,
 Please notify your client, EFI, Inc. That I am a qualified individual with a disability as defined by the ADA, EEOC and the Rehabilitation Act of 1973.
 EFI's discriminatory reaction to my request for accommodation has resulted in an unhealthy and hostile work environment for me. This stressful situation has exacerbated my ADHD symptoms.
 Therefore, I am requesting that EFI, Inc. grant me a disability accommodation of time.
I would appreciate your prompt response.
(10/26/00 Affidavit of Cathy Pragano, Ex. D.)
Thereafter, on October 18, 1996, Eyelets received a letter from Ronald Weinstein, Ph.D, saying in part, CT Page 9071
 While ignoring the primary issue of discrimination your continued emphasis on Rodney's absence from work is only exacerbating the situation and can only be interpreted as continued harassment. The Americans with Disabilities Act takes precedence over other issues including the Family Medical Leave Act. In fact, I understand that EFI was required to inform Rodney of his rights under the FML Act within two days. To this date, he has received no such information.
 * * * I have been asked by Rodney Michele to notify you that he has decided to pursue a "constructive discharge" as a result of EFI's actions which have created intolerable working conditions.
(10/26/00 Affidavit of Cathy Pragano, Exhibit I.)
As to the plaintiffs disability discrimination claims, the defendant's motion rests on the procedural deficiencies with the plaintiffs case. Eyelet's sole argument is that the plaintiff requires an expert to establish his disability in order to recover under the act and he does not have one. While the plaintiff makes an argument that expert testimony is not required to establish this disability of ADHD, the court is not persuaded. "Although it is true that expert medical testimony is generally required in proving the condition from which a person claims to be suffering, this is not the case in obvious or simple matters of everyday life, especially where one is testifying about his own physical condition." State v. Orsini, 155 Conn. 367, 372 (1967). Here, the condition of ADHD is neither obvious nor simple. There is clearly a need for expert testimony on the existence of this condition. "When a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or it will not suffice." Monterose v. Cross, 60 Conn. App. 655, 658 (2000).
Although by order of May 23, 2000, the court required the plaintiff to disclose any liability expert no later than July 31, 2000, and Eyelets' motion raising this issue was filed on October 31, 2000, the plaintiff filed his disclosure of expert witness on May 29, 2001, the day of the argument. The belated disclosure says the following:
 The plaintiff hereby discloses Dr. Selinger who will testify that he recognized that the plaintiff had the condition of ADD and he referred him to the ADD Center of New England in Avon. The basis of his diagnosis will be his training and experience as a medical doctor and, as his patient, his understanding of the plaintiffs condition.
(05/28/01 Disclosure of Expert Witness.) CT Page 9072
A review of this file and the deposition transcript of the plaintiff lead the court to agree with Eyelets' characterization of this disclosure as "extraordinarily untimely" and seriously prejudicial. This case has been pending since August 19, 1997, and as noted, earlier, this motion has been pending since October 31, 2000. The plaintiffs lack of diligence in prosecuting this case is reflected throughout the file. Accordingly, the court sustains the object to the disclosure and grants the motion to preclude as untimely under the court's order and inadequate under Practice Book § 13-4(4). See Practice Book § 14-14. Because the plaintiff has failed to timely disclose the necessary expert for establishing an element of his disability discrimination claims, and because the viability of the fourth, fifth and sixth counts is dependent upon the plaintiffs disability claim, the court grants summary judgment for the defendant on counts one, two four, five and six of the complaint. (See 08/16/97 Complaint.)
Eyelets also argues that the undisputed facts show that as a matter of law the plaintiff cannot prevail on his claims under the Family Medical Leave Act (FMLA). Specifically, Eyelets claims that it invited the plaintiff to exercise his rights under FMLA and that the plaintiff refused.
 An employee seeking leave under the FMLA need not specifically invoke his rights under FMLA. . . . To sufficiently request leave under the FMLA, an employee need only provide the employer with enough information to put the employer on notice that EMLA-qualifying leave is needed.
(Citations omitted; internal quotation marks omitted) Bell v. JewelFood Store, 83 F. Sup.2d 951, 957 (N.D. Ill. 2000).
Here, the October 18, 1996 letter from the plaintiffs erstwhile advocate, Ronald Weinstein, raises an issue of fact as to the plaintiffs invocation of FMLA. See Michaud v. Gurney, supra, 168 Conn. 433. Because the undisputed facts do not establish that, as a matter of law, the plaintiff refused to invoke EMLA, the court denies the motion for summary judgment as to counts seven, eight and nine. (See 09/06/99 Substitute Amended Complaint.)
In a footnote, Eyelets further contends that summary judgment should enter in its favor as to the third count, wherein the plaintiff alleges age discrimination in violation of General Statutes § 46a-60, on the grounds that there is no evidence to support the allegation and that there has been no attempt to develop such a claim. The court declines to address this contention, however, noting that there is a substantial body CT Page 9073 of case law regarding the impropriety of raising claims and arguments in footnotes. See e.g., State v. Tatum, 219 Conn. 721, 742 (1991); In reJesus C., 21 Conn. App. 645, 649, cert. dismissed, 216 Conn. 819. (1990).
The motion for summary judgment is granted as to counts one, two, four, five and six only.
 _______________ DiPENTIMA, JUDGE