[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this wrongful death action arising out of a work related incident, the third party defendant moves for summary judgment on the third party complaint. The sole basis of the motion is the exclusivity provision of the workers' compensation act.
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49; Appleton v. Board ofEducation, 254 Conn. 205, 209 (2000); Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 297 (2000); Miles v. Foley, 253 Conn. 381, 385 (2000). A "material" fact is one which will make a difference in the outcome of the case. Morasciniv. Commissioner of Public Safety, 236 Conn. 781, 808 (1996). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist.Michaud v. Gurney, 168 Conn. 431, 433 (1975). CT Page 6076
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Wilson v.New Haven, 213 Conn. 277, 279 (1989); Mac's Car City, Inc. v. AmericanNational Bank, 205 Conn. 255, 261 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Sherwood v. Danbury Hospital,252 Conn. 193, 201 (2000).
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . [the nonmovant] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with . . . evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. AetnaLife Casualty Co., 235 Conn. 185, 202 (1995).
The following facts are not in dispute for purposes of this motion. The plaintiff's decedent was an employee of third party defendant Lippincott Moving Storage (Lippincott) on June 7, 1997. On that date, the plaintiff's decedent was working for Lippincott at the defendant Timex Corporation's (Timex) warehouse facility in Torrington, Connecticut. The plaintiff's decedent fell from a ladder in the process of removing a conveyor belt system and was injured to such an extent that he died.
The plaintiff brought this action in a one count complaint against Timex seeking damages for the injuries and death of plaintiff's decedent and alleging negligence on the part of Timex. The allegations of negligence were inadequate supervision, improper instruction, failure to keep a proper and safe work place, failure to warn, that it had exclusive control over the project and that it owned the equipment used by the plaintiff's decedent and failed to instruct him in its proper and safe operation.
In its third party complaint, Timex alleges in count one that Lippincott was negligent in a number of ways and that its negligence was the primary, direct and immediate cause of the injuries and death of the plaintiff's decedent. In the second count, Timex alleges that by written contract, Lippincott agreed to indemnify Timex for any losses or liability arising out of a claim, and that Lippincott has breached that contract.
By motion filed May 18, 2001, and argued April 15, 2002, the third CT Page 6077 party defendant Lippincott moves for summary judgment to enter in its favor on both counts of the third party complaint, on the grounds that the workers' compensation act bars the complaint under its exclusivity provision.
Under General Statutes § 31-284,
 An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation.
(Emphasis added.)
Ferryman v. Groton, 212 Conn. 138, 146 (1989) is the seminal case on the exclusivity provision. In that case the Supreme Court held that General Statutes § 31-284 does not in every circumstance provide the exclusive remedy in negligence actions and that indemnification is possible under appropriate circumstances. Specifically, the Ferryman
court, in the context of a motion to strike, found that if there is an independent relationship between the defendant/third party plaintiff and the employer that goes beyond the active/passive negligence of Kaplan v.Merberg Wrecking Corporation, 152 Conn. 405 (1965), the third party complaint for indemnification should be allowed. Ferryman v. Groton, supra, 212 Conn. 146. Some eight years later, the court affirmed the Ferryman holding in Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 699
(1997). CT Page 6078
Here, in the context of summary judgment the court must determine if any genuine issue as to a material fact exists regarding the existence of such a relationship between Timex and Lippincott. Based upon the undisputed facts, it is clear that unless such an independent relationship exists, Lippincott in entitled to summary judgment.[1]
The first count of the third party complaint alleges no such independent legal relationship between Timex and Lippincott and simply alleges active/passive negligence. Both Skuzinski and Ferryman are clear that such allegations are not sufficient to overcome the exclusivity of worker's compensation. See, e.g., Skuzinksi v. Barchard Fuels, Inc., supra 240 Conn. 699 ("In view of the exclusivity of workers' compensation relief, indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship".) The court does not find any such relationship exists solely on the fact that Timex hired Lippincott to move its overhead conveyor system. None of Timex's submissions supports inferring such a relationship outside of the express language alluded to in count two. This distinguishes count one from the case relied on by Timex, Marsh v. BD Molded Products, Inc., Superior Court, judicial district of Bridgeport, Docket No. 367627 (December 7, 2001, Thim, J.) (30 Conn.L.Rptr. 739). Accordingly, judgment may enter in favor of Lippincott on count one of the third party complaint.
It is the second count that alleges a relationship between Timex and Lippincott based upon express contractual language. In typical fashion, Judge Corradino elucidates this complicated area of the law in Bremsethv. Connecticut Light Power, Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 52545 (August 11, 1995,Corradino, J.). That portion of his discussion that is pertinent here follows:
 The important principle is whether the employer has imposed on itself through contract or has imposed on it by statute an independent legal duty to the third party apart from any claim by a third party that the employer should be held responsible for its active negligence in causing the injury to the employee.
 Ferryman makes clear that the key concern is preservation of the integrity of the Workers' Compensation Act. Given the insurance coverage costs imposed on employers as a result of the act they should be insulated from liability to third parties for their own negligence even though that negligence CT Page 6079 contributed to or was the primary factor in causing injury to the employee. However, where the employer has specifically agreed to indemnify third parties in situations such as this, or the law imposes that duty, or an employer has entered into a legal relationship through contract or even the creation of the law which imposes on the employer a duty to indemnify and this duty arises independently of the act and even anteriorly to its passage then the third party's action should be allowed. When an employer knowingly enters into a legal or contractual relationship which traditionally imposed a duty to indemnify and does so apart from any considerations having to do with the act then that employer should not be heard to cry foul and to try to find shelter under the act for liabilities and risks the employer independently assumed. Third parties, prior to any accident or injury to the employee of such an employer would also know and should be held to know the risks they were assuming when they entered into a business or industrial relationship with an employer and its workers.
Timex's submission of the July 1997 invoice which includes language of indemnification raises a genuine issue of material fact that defeats this motion as to the second count. While Lippincott correctly points out that the document is signed one month after the plaintiff's decedent's injuries occurred, the invoice refers to dates prior to the incident. (Affidavit of Frank T. Judge, III, Exhibit D.) Paragraph five of Exhibit D reads,
 5. Vendor warrants to Company and to all direct and indirect purchasers of Company's products that the Articles and all parts, material and workmanship entering into performance of this order shall (i) conform with the Provisions and samples, (ii) be merchantable, of good workmanship and material and free from defect and (iii) be safe and suitable for the purpose intended, whether expressly or reasonably implied. Such foregoing warranties shall survive, inspection, testing, delivery, acceptance and payment and shall apply to defects of any other non-conformity, whether latent or patent. Upon breach of warranty. Company shall have all rights provided hereby or at law or equity.
CT Page 6080 Paragraph 23 reads,
 23. Vendor shall indemnify and hold Company, its successors, assigns, officers, directors, employees, customers, affiliates and agents harmless from any liability, loss, damage, injury, claim, cost and expenses of any nature (including any royalties or reasonable attorney's fees and costs incurred in litigation or otherwise) incurred or sustained as a result of any claim, suit, action or proceeding arising out of any breach or alleged breach of Vendor's warranties, representations or obligations hereunder. Vendor shall maintain comprehensive general liability insurance, including product liability with broad form Vendor's endorsement, adequate to cover its obligations hereunder.
There exists an issue of fact as to the applicability of this agreement in determining whether Lippincott assumed a duty to indemnify Timex distinct from Timex's claim of common law indemnification. The court's role in deciding a summary judgment is to determine if a genuine issue as to material fact, but not to decide that issue. Michaud v. Gurney, supra, 168 Conn. 433.
For the foregoing reasons, the motion for summary judgment is denied as to count two. It is granted as to count one.
DiPentima, J.